C. C. Sutton, Appellant, vs. The State of Florida, Appellee.

The Supreme Court has no appellate jurisdiction in cases of misdemeanor, and an appeal from a judgment of conviction had in the Circuit Court must be dismissed: *Held*, That the jurisdiction of the Circuit Court, in cases of misdemeanor, is appellate only.

Appeal from the Circuit Court for Volusia county.

The appellant was indicted by the grand jury of Volusia county, for exercising the powers of a Justice of the Peace, without having observed the legal pre-requisites of qualification by taking the oath, &c. The indictment was found after the adoption of the constitution of 1868. Appellant was tried before the Circuit Court, found guilty, and sentenced to pay a fine, that being the penalty prescribed by law for the offence charged; from which judgment he appeals.

The Attorney General, in behalf of the State, now moves that the appeal be dismissed for want of jurisdiction.

*Wilk. Call*, for Appellant.

*Attorney General*, for Appellee.

RANDALL, C. J., delivered the opinion of the court.

The constitution confers upon the county court the "jurisdiction of all misdemeanors," and upon the circuit court "final appellate jurisdiction in all cases of misdemeanor." Art. VI, secs. 8 and 11. The Supreme Court has appellate

jurisdiction "in all questions of law alone, in all criminal cases in which the offence charged amounts to felony." Sec. 5. By the statute, all offences punishable by imprisonment in the State penitentiary are felonies, and all other crimes are misdemeanors.

It is clear, from the provisions referred to, that if the offence charged is only a misdemeanor, there is no original jurisdiction in the circuit courts; its jurisdiction is appellate only, and for the same reason, the Supreme Court has no appellate jurisdiction; and notwithstanding that the circuit court may have inadvertently entertained and tried the case, (and it does not appear that any question of jurisdiction was raised,) this court has no power to apply a remedy in this form of proceeding.

If the party is held in actual custody, under a judgment which is void for want of jurisdiction of the subject matter in the court in which he was convicted, he may have another remedy.

The appeal in this case is dismissed for want of jurisdiction.