SAMUEL WALDEN, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The term felony whenever it occurs in the constitution or laws of this State means any criminal offense punishable with death or imprisonment in the State penitentiary.

2. Whenever punishment by imprisonment is prescribed by law, and the imprisonment is not expressly directed to be in the State prison or penitentiary, it means imprisonment in the county jail.

3. This court has not appellate jurisdiction in cases of conviction of misdemeanor in the Criminal Courts of Record.

4. Where the record shows a want of appellate jurisdiction in this court, the writ of error will be dismissed sua sponte.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record of Orange county.

The facts in the case are stated in the opinion of the court.

*Jones & Jones,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

PARKHILL, J.   In the Criminal Court of Record in and for Orange county, on the 16th day of May, 1904, the county solicitor filed an information charging "that Samuel Walden, late of the county of Orange aforesaid, in the county and state aforesaid, laborer, on the 1st day of October, in the year of our Lord one thousand nine hundred and three, with force and arms at and in the county of Orange, State of Florida, aforesaid, did * * * have carnal intercourse with one Theola Love, an unmarried female under the age of sixteen years, contrary to the form of the statute, &c." Thereupon the defendant by his attorneys moved the court to quash the said information on several grounds set forth in the motion. This motion was denied, the defendant entered a plea of not guilty; and then followed a trial by a jury and a verdict of guilty as charged in the information.

After overruling motions for new trial and in arrest of judgment, the court sentenced the defendant to be confined by imprisonment in the State penitentiary at hard labor for the term of two years. From this sentence and judgment the defendant sued out a writ of error to this court and files many assignments of error. We can not consider these assignments of error, for this court is without jurisdiction to decide them.

Section 5 of Article V of the Constitution of Florida of 1885 is as follows: "The Supreme Court shall have ap-

pellate jurisdiction in all cases at law and in equity originating in Circuit Courts, and of appeals from the Circuit Courts in cases arising before judges of the County Courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the Criminal Courts, and in all criminal causes originating in the Circuit Courts."

Section 25 of Article XVI of our Constitution defines *felonies* as follows: "The term *felony* whenever it may occur in this Constitution or in the laws of the State, shall be construed to mean any criminal offence punishable with death or imprisonment in the State penitentiary."

The plaintiff in error was tried and convicted in the Criminal Court of Record in and for Orange county, of a crime which is made a misdemeanor by statute.

Section 1, Chapter 4965, Acts of 1901, amending Section 2598 of the Revised Statutes, reads as follows: "Whoever has carnal intercourse with any unmarried female who is, at the time of such intercourse, under the age of eighteen years, shall be punished by imprisonment not more than ten years, or by fine not exceeding two thousand dollars, or by both fine and imprisonment."

Without committing ourselves to the proposition that the indictment before us sufficiently charges a crime in its allegations descriptive of the female with whom the defendant is charged with having sexual intercourse, it is clear that the defendant was prosecuted, tried and convicted by virtue of the provisions of Chapter 4965, Acts of 1901. This statute prescribes a punishment by imprisonment not more than ten years, without directing that the imprisonment is to be in the State prison. Section 2351

of the Revised Statutes provides that "whenever punish-ment by imprisonment is prescribed, and the imprison-ment is, not expressly directed to be in the State prison, it shall be taken and held to be in the county jail."

It is clear, from the provisions referred to, that the of-fense for which the defendant was tried and of which he was convicted is only a misdemeanor. The penalty im-posed upon the defendant was unauthorized by law. This court, therefore, has no appellate jurisdiction in this case, and the writ of error is dismissed for want of juris-diction.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.