W. E. SMITH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1.  A bill of exceptions presented to and filed by the trial judge within the time allowed, but not authenticated nor considered by him, does not import verity to an appellate court.

2.  To enable an appellate court to review the refusal to give specific instructions in the absence of a bill of exceptions, there should be a certificate of the clerk covering the rejected instructions.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*A. R. Logan,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—W. E. Smith was convicted in the Criminal Court of Record for Duval County of carnal intercourse with an unmarried female under the age of eighteen years and sentenced to the State prison for a period of six years.

There are no errors assigned upon the record proper, the assignments being confined to the evidence and the charges of the court.

From the transcript we may conjecture that a proposed bill of exceptions was presented to, and filed by, the trial judge, but there is nothing from which we may even surmise that the bill was authenticated or even considered by him, and its contents cannot be taken as true. We do not attempt therefore to question the sufficiency of the evidence.

Subsequent to the filing of the transcript there has been transmitted to this court under the seal of the trial court certain instructions and the certificate of the clerk that they are true copies of those granted and given and also of the court's general charge. Upon this paper the plaintiff in error argues the *refusal* of the court to instruct, and amending certain instructions before giving them. There is no guide whereby we may ascertain

wherein the instructions were amended, and assuming without deciding that we may under some circumstances reverse for refusal to instruct without authentication of the evidence, yet we must first know that the instruction complained of was refused and we have not the proof before us.

We may add that the crime here involved has, since the decision in Walden v. State, 50 Fla. 151, 39 South. Rep. 151, been made a felony.

None of the errors assigned being properly before us it follows that the judgment must be affirmed and it is so ordered.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.