MICHAEL LICATA, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 18, 1920.

1. The Supreme Court has no appellate jurisdiction in cases of conviction of misdemeanor in the Criminal Courts of Record.

2. Where the record shows a want of appellate jurisdiction in this court, the writ of error will be dismissed *sua sponte*.

3. The conviction in this case being in a Criminal Court of Record and for a misdemeanor, the Supreme Court has no jurisdiction to review the judgment on writ of error, therefore the writ of error taken herein is dismissed.

A Writ of Error to the Crimnial Court of Record, Hillsborough County; W. S. Graham, Judge.

Writ of Error dismissed.

*Dickenson & Dickenson,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—In the Criminal Court of Record for Hillsborough County, Licata was convicted and sentenced to pay a fine of $500.00, or imprisonment in the county jail for sixty days, upon an information charging that on March 29, 1920, in Hillsborough County, Florida, he "did unlawfully have in his possession and under his control and custody in a house located and known as number sixteen hundred and two, Seventeenth Street, in the City of Tampa, in said County and State, two hundred quarts of intoxicating liquors," contrary to the statute. Chapter 7736, Laws of Florida, makes it unlawful for any person "to possess, have in custody or control" * * * exceeding "four quarts of distilled alcoholic or intoxicating liquors," etc., and provides punishment for a violation of the statute as a misdemeanor "by a fine not exceeding five hundred dollars or by imprisonment in the county jail not exceeding six months."

"The term felony, whenever it may occur in this Constitution or in the laws of the State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State penitentiary." Sec. 25, Art. XVI, Const.

"The Circuit Courts * * * shall have final appellate jurisdiction * * * of all misdemeanors tried in criminal courts." Sec. 11, Art. V.

"The Supreme Court shall have appellate jurisdiction in all  *  *  *  cases of conviction of felony in the criminal courts."    Sec. 5, Art. V.

"Any crime punishable by death, or imprisonment in the State prison, is a felony, and no other crime shall be so considered.   Every other offense is a misdemeanor." Sec. 2352, Rev. Stats. 1892, Sec. 3176 Gen. Stats. 1906.

The term felony whenever it occurs in the Constitution or laws of this State means any criminal offense punishable with death or imprisonment in the State penitentiary.

This court has not appellate jurisdiction in cases of conviction of misdemeanor in the Criminal Courts of Record.

Where the record shows a want of appellate jurisdiction in this court, the writ of error will be dismissed sua sponte.   Walden v. State, 50 Fla. 151, 39 South. Rep. 151; Sutton v. State, 13 Fla. 670.

Counsel for plaintiff in error filed a brief on the merits of the case and the Attorney General for the State files a brief in which he "moves the court to dismiss the writ of error herein for want of jurisdiction."

In the cases of ex parte Francis, 76 Fla. 304, 79 South. Rep. 753; Marasso v. Van Pelt, 77 Fla. 432, 81 South. Rep. 529; and Neisel v. Moran, 80 Fla., 84 South. Rep. 346, the review here was on habeas corpus.

As it is clear that under the Constitution the Supreme Court has no appellate jurisdiction in cases of misdemeanors tried in the Criminal Courts, and that the Circuit Courts have final appellate jurisdiction in such cases so tried, the writ of error taken to this court to the

judgment of conviction of a misdemeanor so charged and tried in the Criminal Court of Record is dismissed for want of jurisdiction.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.