MATHEW BEST, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed March 12, 1926.

*J. B. Johnson*, Attorney General, and *H. E. Carter*, Assistant for the State.

WHITFIELD, P. J.—The information herein filed in the Criminal Court of Record for Orange County, contained three counts, each purporting to charge a second offense, the last two of which counts charge that Mathew Best, on May 14, 1925, (2) "did lawfully have in his possession, custody and control a certain stilling apparatus designed and adapted for the unlawful manufacture of distilled intoxicating liquors; that the said Mathew Best, the defendant herein, was on the 28th of May, A. D. 1921, convicted in the Criminal Court of Record for the County of Orange and State of Florida of a violation of the laws against the unlawful manufacture, sale, possession and transportation of intoxicating liquors, and upon said conviction had imposed upon him the judgment and sentence of the said court; that Mathew Best on the 14th day of May, A. D. 1925, did unlawfully have in his possession, custody and control certain containers containing mash capable of being distilled into an intoxicating liquor; (3) that the said Mathew Best, the defendant herein, was on the 28th day of May, A. D. 1921, convicted in the Criminal Court of Record for County of Orange and State of Florida of a violation of

the laws against the unlawful manufacture, sale, possession and transportation of intoxicating liquors, and upon said conviction had imposed upon him the judgment and sentence of the said court.

The following verdict was rendered: "We the jury find the defendant Guilty, of, the (2) Second and (3) Third counts of information as charged. So say we all."

The court imposed the following sentence: "Now on this day came in person the defendant Mathew. Best in open court, and being asked by the court whether he had anything to say why sentence of the law should not be pronounced upon him, says nothing. It is therefore the judgment, order and sentence of the court that you, Mathew Best, for the crime of which you have been and stand convicted, be imprisoned for six months in the county jail from the date of your delivery to the officers thereof."

On writ of error taken to this court it is contended that "the two counts of the information, under which this defendant was convicted, charged no offense known to the laws of the State of Florida and were wholly and totally defective, and the trial, verdict and judgment were void."

The Attorney General concedes that on the authority of State *ex rel.* Lockmiller v. Mayo, 88 Fla. 96, 101 South. Rep. 228, the information is ineffectual as a charge of a second offense, but insists that the second and third counts of the information upon which the conviction was had, are sufficient charges of a first offense under the statute, and that the portions of the information which attempt to charge a second offense should be "treated as surplusage, which would leave the information good as charging the first offense." The statute makes the first offense a misdemeanor and the second offense a felony. Sec. 5486 Rev. Gen. Stats. 1920, as amended by Chap. 9266 Acts of 1923.

The Criminal Court of Record has jurisdiction of both misdemeanors and felonies less than capital, and the judgment rendered, though informal, is in effect a judgment of conviction for a misdemeanor upon an information that is a sufficient charge of a misdemeanor and the sentence is to a penalty that is within the limits imposed for a misdemeanor under both the original and the amended statute. Such judgment so construed accords with the verdict, of ''guilty of the second and third counts of the information as charged,'' since treating as surplusage the latter portion of each count, the remaining portion of the second count at least, charges a first offense misdemeanor. The portions of the information relating to a former conviction do not affect the portions charging a first offense and may properly be treated as surplusage. This being so the trial was as for a misdemeanor and the judgment of conviction and sentence is for a misdemeanor, which judgment under the constitution (Sec. 11, Art. 5) is reviewable only in the Circuit Court on writ of error duly taken pursuant to the statute.

The Supreme Court has no appellate jurisdiction in cases of conviction of misdemeanor in the criminal courts of record.

Where the record shows a want of appellate jurisdiction in this court, the writ of error will be dismissed sua sponte.

The conviction in this case being in a criminal court of record and for a misdemeanor, the Supreme Court has no jurisdiction to review the judgment on writ of error, therefore the writ of error taken herein is dismissed. Licata v. State, 80 Fla. 554, 86 South. Rep. 427; Walden v. State, 50 Fla. 151, 39 South. Rep. 151; Sutton v. State, 13 Fla. 670.

The writ of error is dismissed.

BROWN, C. J., AND ELLIS, TERRELL AND STRUM, J. J., concur.

BUFORD, J., disqualified.