## HAYES S. WOOD v. STATE OF FLORIDA

16 So. (2nd) 107        June Term, 1943
January 4, 1944         Division A

*James M. Carson* and *Vincent C. Giblin,* for appellant and cross-appellee Hayes S. Wood.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Robert R. Taylor,* County Solicitor, and *Glenn C. Mincer,* Assistant County Solicitor, for appellee and cross appellant, State of Florida.

BUFORD, C. J.:

Hayes Wood was informed against in the Criminal Court of Record of Dade County, Florida. The information was in seven (7) counts.

Before trial the State entered nolle proseque as to Counts 5, 6 and 7. The 1st and 3rd Counts of the information charged embezzlement under the provisions of Section 812.10 F.S. 1941. Counts 2 and 4 each at most charged the offense denounced by Section 839.03 F.S. 1941 (same F.S.A.) Neither count can be said to charge embezzlement because neither count alleges that the money involved was withheld by Wood with intent to convert same to his own use, which constitutes a necessary element of the offense of embezzlement.

At the close of the testimony the trial judge directed the jury to find the defendant not guilty on Counts 2 and 4. This

was done and the jury, after argument of counsel and the charge of the Court, retired and returned verdicts of guilty on the 1st Count of the information and not guilty as to all other counts.

The defendant appealed from the judgment of conviction.

The State filed cross appeal based upon the contention that the court committed error in directing a verdict in favor of the defendant on the Second and Fourth Counts of the Information.

The case now comes on for hearing before us upon the suggestion and motion of appellant that the cross appeal should be dismissed because the Court is without jurisdiction to consider the cross appeal.

The right of the State to appeal in criminal cases is provided and limited by Section 286 of the Fla. Criminal Procedure Act, now Section 924.07 F.S. 1941 (same F.S.A.). Such appeal may be taken in the following enumerated cases:

"(a)  An order quashing an indictment or information or any count thereof;

"(b)  An order granting a new trial;

"(c)  An order arresting judgment;

"(d)  A ruling on a question of law adverse to the State where the defendant was convicted and appeals from the judgment.

"(e)  The sentence, on the ground that it is illegal;

"(f)  Judgment discharging prisoner on habeas corpus."

The appeal does not fall within any one of the above named grounds for appeal.

The appellate jurisdiction of the Supreme Court is fixed by Section 5 of Article V of the Constitution. The appellate jurisdiction of the circuit court is fixed by Section 11, Article V of the Constitution. From these provisions it will be observed that the Supreme Court does not have appellate jurisdiction in cases of conviction of misdemeanor had in a criminal court of record.

Section 287 of the Criminal Procedure Act, now Section 924.08 F.S. 1941 (same F.S.A.), provides:

"Appeals lie to the Supreme Court . . . from the criminal courts of record in cases of felonies of which said criminal

courts of record have jurisdiction . . . ; and appeals lie to circuit court in misdemeanor cases from the criminal court, court of crimes, court of county judge, court of justice of the peace and county courts."

The State contends here that because the defendant was convicted of a felony in the Criminal Court of Record, the State has the right of appeal under sub-paragraph (d) of Section 924.07, supra. · This position is not tenable because the ruling of the court below in directing a verdict on the misdemeanor counts of the information was not a ruling on a question of law involved in the judgment or conviction of the defendant under Count One of the information.

It cannot be successfully contended that if the defendant had been convicted under Counts 2 and 4 of the information and had been acquitted under Counts 1 and 3 of the information, appeal to the Supreme Court would have been available. See Best v. State, 91 Fla. 481, 107 So. 638, and cases there cited.

The mere fact that the felony and the misdemeanor each constituing a separate and distinct offense, were charged in the same information and that both charges were tried at the same time and before the same jury can make no difference as to determining appellate jurisdiction to review such convictions.

In the case of John Byrd v. State of Florida, 146 Fla. 686, 1 So. (2nd) 624, which was before us on appeal from the Criminal Court of Record for Hillsborough County, we said:

"The first count charged the offense of assault with intent to murder in the first degree. Conviction was of aggravated assault, a misdemeanor. Under the second count defendant was convicted of simple assault, misdemeanor. The fourth count charged petit larceny and conviction was of petit larceny, a misdemeanor. As to these three judgments of convictions for misdemeanors the circuit court has final appellate jurisdiction under the provisions of Section 11, Article V, of the Florida Constitution, and this Court is without jurisdiction to review the same on direct appeal."

So it is that if the court committed error in directing a verdict on these counts of the information which charged a

misdemeanor only, this Court is without jurisdiction to review such alleged error on appeal either at the instance of the State or of the defendant.

It, therefore, follows that the motion to quash the cross appeal must be, and is, granted.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.