SEBRING, Justice.
Paul Pleger was informed against in the Criminal Court of Record of Palm Beach County for grand larceny. He was arraigned on the information and entered a plea of not guilty. At the beginning of the trial, which was held before the trial judge without a jury, the county solicitor made the announcement in open court: “In this case, the State is going to attempt to prove petit larceny and not grand larceny.” After this announcement the county solicitor submitted evidence to prove that the charge contained in the information constituted petit larceny; and the trial court found the defendant to be guilty of petit larceny. A judgment of conviction was rendered and the defendant appealed to this Court.
The Attorney General has moved to dismiss the appeal on the ground that the court is without jurisdiction to entertain an appeal for a misdemeanor conviction. The defendant contends that inasmuch as the information upon which the defendant was arraigned charged a felony this Court has jurisdiction of the appeal.
Section 11 of Article V of the Constitution of Florida, F.S.A., provides that “The Circuit Courts shall have * * * final appellate jurisdiction * * * of all misdemeanors tried in Criminal Courts * *.” We have the opinion that in view of the announcement made by the county solicitor at the threshold of the trial, the present case was a misdemeanor tried in the Criminal Court, within the purview of section 11 of Article V.
Had the information upon which the defendant was arraigned charged in two separate counts the commission of a felony and a misdemeanor, respectively, there could have been no doubt of the right of the county solicitor to elect to dismiss as to the felony and proceed to trial on the misdemeanor. And, in such case, there could have been no question that an appeal by the defendant from a judgment rendered on the misdemeanor count would have been to the Circuit Court of Palm Beach County. *372 See Wood v. State, 153 Fla. 888, 16 So.2d 107; Byrd v. State, 146 Fla. 686, 1 So.2d 624; Best v. State, 91 Fla. 481, 107 So, 638. Compare Brookins v. State, 68 Fla. 436, 67 So. 142.
In principle, we can see ijo difference between such a situation and the one involved here, wherein the county solicitor announced that he was electing to try the defendant on the misdemeanor charge comprehended within the felony charged, and not for the felony.
It follows from the conclusion reached that the motion to dismiss the 'appeal should be granted and the appeal dismissed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.