JOHN BYRD v. STATE OF FLORIDA.

1 So. (2nd) 624
Division A
Opinion Filed April 18, 1941

*John R. Parkhill,* for Appellant;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

BUFORD, J.—Under an information filed in the Criminal Court of Record of Hillsborough County appellant was convicted on the first, second, fourth and fifth counts.

The first count charged the offense of assault with intent to murder in the first degree. Conviction was of aggravated assault, a misdemeanor. Under the second count defendant was convicted of simple assault, misdemeanor. The fourth count charged petit larceny and conviction was of petit larceny, a misdemeanor. As to these three judgments of convictions for misdemeanors the circuit court has final appellate jurisdiction under the provisions of Section 11, Article V, of the Florida Constitution and this Court is without jurisdiction to review the same on direct appeal.

Therefore, we are concerned only with the conviction under the fifth count, which charged: "that JOHN BYRD, late of the County of Hillsborough-aforesaid, in the State aforesaid, on the 17th day of August, A. D. 1940, with force and arms at and in the county of Pinellas, State of Florida aforesaid, did unlawfully and feloniously take, steal and carry away a certain automobile, to-wit, an Oldsmobile, the propetry of Tiffin Corporation, a Florida corporation, which said automobile the said John Byrd did thereafter bring into Hillsborough County, Florida, against the form of the statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

As to this judgment appellant bases his hope of reversal upon the answers to be given by us to five questions stated as follows:

"1. Where defendant was informed against in the Criminal Court of Record of Hillsborough County, Florida, for

the crime of grand larceny by having feloniously taken, stolen, and carried away an automobile in Pinellas County, Florida, and thereafter bringing said automobile into Hillsborough County, Florida, and the evidence showed only that the defendant was seen driving the automobile in Hillsborough County, Florida, was not the evidence legally insufficient upon which to base a verdict of guilty?"

"2. Where the evidence showed an automobile was stolen in Pinellas County, Florida, on August 17, 1940, and defendant was seen driving the automobile in Hillsborough County, Florida, about September 1, 1940, was such evidence legally sufficient upon which to base a verdict of guilty of grand larceny of said automobile?"

"3. In a criminal prosecution for grand larceny of an automobile alleged to have been the property of a corporation, may the existence of such corporation be proved by the manager of such corporation merely testifying that it is a corporation without either producing a certified copy of the charter of such corporation or showing that such corporation was a corporation *de facto* exercising corporate functions and franchises and carrying on its business in the name set out in the information?"

"4. In Florida may the court sentencing defendant to imprisonment in the State Prison provide that the sentence should begin to run·'from the date of your delivery to the officers thereof' (State Prison)?"

"5. In Florida is it not necessary for the court before passing sentence on a felony to ask the defendant if he has anything to say why sentence should not be imposed upon him? And also in sentencing defendant to identify the crime for which he is being sentenced?"

The judgment and sentence appears in the record as follows:

"It is CONSIDERED, ORDERED AND ADJUDGED by the Court

that the defendant, John Byrd, is guilty of aggravated assault as charged in the first count of the information; guilty of simple assault as charged in the second count of the information, and guilty as charged in the fourth and fifth counts of the information.

"Now, on this day came in person the defendant, John Byrd, and being asked by the court whether he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing. . . ."

"It is therefore the JUDGMENT, ORDER AND SENTENCE of the court, that you, John Byrd, for the crime of which you have been and stand convicted, be imprisoned in the State Penitentiary of the State of Florida at hard labor for a period of FIVE (5) Years, from the date of your delivery to the officers thereof, on the fifth count of the information." So it is that the record discloses no foundation for the contention presented by the fifth question.

As to the first stated question, the evidence shows conclusively and without contradiction that the automobile was stolen in Pinellas County; was transported to the adjoining County of Hillsborough and shortly after the larceny was seen in Hillsborough County in the exclusive possession of the defendant. The automobile was found parked with no one in it and the keys which fitted the automobile were found in the possession of the accused. No explanation of the possession of the stolen automobile was offered by the defendant. The evidence was sufficient to warrant the jury in concluding that the accused was the thief. See Bargesser v. State, 95 Fla. 401, 116 Sou. 11.

Question number 2 must be answered likewise.

The third question must be answered contrary to appellant's contention.

The name of the owner alleged in an indictment or information is first to show ownership to be in one other than

the accused and, second, as a part of the description of the property.

Since the rendition of the opinion and judgment in the case of Thalheim v. State, 38 Fla. 169, 20 Sou. 938, the rule has prevailed in this State that in a case of this sort where the ownership of the alleged stolen property is alleged to be in a corporation, it is sufficient to show that the name owner carried on its business 'in is the name set out in the indictment and that it operated its business as a corporation. In that case it was said:

"The twenty-first assignment refers to an instruction to the effect that similar proof that said company was a corporation *de facto,* and did business as a corporation, was sufficient proof of corporate existence. It is insisted upon the part of the plaintiff in error that corporate existence should be proven by evidence that such company was a corporation *de jure.* The contention cannot be sustained. In Duncan v. State, 29 Fla. 439, 10 South. Rep. 815, it was held under an indictment for the wilful and malicious burning of a railroad bridge alleged to be the property of a corporation, that it was sufficient to prove that such corporation was a corporation *de facto,* in the exercise of corporate functions and franchises, whether it was a corporation *de jure* or not. The present case is attempted to be distinguished from the case cited. The distinction is not well taken. The same rule will apply to embezzlement, larceny and kindred offenses. The very language of the instructions complained of has been upheld in a great number of cases. In State v. Grant, 104 N. C. 908, 10 S. E. Rep. 554, in an indictment for larceny of the property of a corporation it was held that it is not 'necessary to produce the charter of an incorporated company to prove the fact of incorporation. It is sufficient if it is established by other testimony that it carried on its business in the name set out in the indictment

and was well known by that designation.' This ruling was in language quoted from Roscoe's Crim. Ev. 868 and numerous other authorities are cited as being to the same effect. The same proposition is also stated in Rapalje on Larceny, Sec. 151, and other authorities are cited. That the incorporation of the company whose funds are alleged to have been stolen or embezzled is sufficiently proven by showing that it is a corporation *de facto*, and doing business as such, is established by a great number of authorities, a few of which are: Rapalje on Larceny, Sec. 151; People v. Barric, 49 Cal. 342, and other California cases cited in the text; Smith v. State, 28 Ind. 321; 2 Bish. Crim. Pro., Sec. 752; State v. Hopkins, 56 Vt. 250; Shinn v. Commonwealth, 32 Gratt. 899. In State v. Collens, 37 La. Ann. 607, the charge was embezzlement of funds of a foreign corporation and the court said: 'In prosecution for embezzlement of funds of a foreign corporation, it is sufficient to prove the *de facto* existence of the corporation, and it is not essential to prove the law of the State under which it was incorporated and the conformity of the Charter thereto.' "

This rule has been followed in Kennedy v. State, 31 Fla. 428, 12 Sou. 858; Butler v. State, 35 Fla. 246, 17 Sou. 551; Bailey v. State, 76 Fla. 103, 79 Sou. 749; Martinez v. State, 76 Fla. 159, 79 Sou. 751.

In regard to the fourth question the record here shows that upon the accused being found guilty of the several offenses, as pointed out hereinbefore, the court pronounced sentence and judgment. He first adjudged the defendant guilty under the separate verdicts rendered of aggravated assault as charged in the first count of the information; guilty of simple assault as charged in the second count of the information, and guilty as charged in the fourth and fifth counts of the information. The fourth count charged, as hereinbefore stated, petit larceny and the fifth count

charged larceny of the automobile. The court then entered judgment and sentence under the second count of the information, then under the fifth count of the information, then under the first count of the information; then under the fourth count of the information.

In the first sentence it was provided that the accused should have credit for 45 days which he had already been in jail. He then pronounced the second judgment and sentence based on the fifth count of the information and provided that the sentence should be "from the date of your delivery to the officers thereof" (referring to the State Penitentiary). He then pronounced sentence and judgment on conviction under the first count of the information and provided that that sentence should begin at the expiration of the sentence on the fifth count. He then pronounced sentence and judgment on conviction under the fourth count and adjudged that that sentence should begin at the expiration of the sentence on the first count.

The plaintiff in error has cited the case of Brooks v. State, 99 Fla. 1275, 128 Sou. 814, as authority for his contention. In that case it was held that the words, "sentence to begin from this day" constituted surplusage and it was held that they had no effect upon the valid portion of the judgment but that opinion clearly indicates that where more than one sentence is imposed on one defendant at one and the same time a different rule may apply. It can make but little difference to the appellant whether we hold the language "from the day of your delivery to the officers thereof" to be surplusage or to be permissible and valid under the factual conditions of this case. Our view is, however, that this was a proper provision to include in the judgment because the court was sentencing the convicted accused to three specific terms in the county jail and to one term in the State Prison. It, therefore, became necessary

for the court to specify in the entry of each judgment when each sentence should begin to run. Otherwise, there would be uncertainty as to where the convict should be spending the time and it would be impossible to impose a county jail sentence and a State Prison sentence at one and the same time.

We have carefully examined the record and find no reversible error. So the judgment should be and is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.