## STATE OF FLORIDA v. EDMUNDO FEBRE

23 So. (2nd) 270                                      June Term, 1945
September 21, 1945                                       Division A
Rehearing denied Oct. 11, 1945.

*Luther W. Cobbey,* County Solicitor and *Paul Game,* Assistant County Solicitor, for appellant.

*Wm. C. Pierce,* for appellee.

CHAPMAN, C. J.:

An information charging assault with intent to commit murder in the first degree was filed against Edmundo Febre by the County Solicitor of Hillsborough County, Florida, and upon arraignment thereto in the Criminal Court of Record be entered a plea of nolo contendere. The Honorable L. A. Grayson, Judge, thereupon heard testimony and entered a judgment of conviction of the crime of aggravated assault and sentenced Febre to serve one year at hard labor in the County Jail of Hillsborough County, Florida.

The sentence was entered May 28, 1945, and a motion for a new trial filed on June 1, 1945, and overruled by the trial court on June 11, 1945. Counsel for Febre filed notice of appeal to the Circuit Court of Hillsborough County, Florida, on June 11, 1945, from the aforesaid judgment. On June 29, 1945, the State of Florida filed its notice of appeal from the sentence imposed to the Supreme Court of Florida and has lodged here a transcript of the record and copy of proceedings had in the lower court.

Counsel for Edmundo Febre moved this court to dismiss the appeal taken by the State of Florida in the case at bar and several reasons are submitted therefor. While other grounds of the motion to dismiss may have merit, we deem it necessary only to consider ground No. 2, which is viz:

"The transcript of record filed in this Court shows on its face that appellee was adjudged guilty by the trial court of a misdemeanor, to-wit, aggravated assault, and was given a legal sentence therefor within the statute, to-wit, twelve months imprisonment in the county jail of Hillsborough County, Florida; that therefore the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, has final appellate jurisdiction of said conviction and the same cannot be reviewed on direct appeal to this Court. See Art. V, Sec. 5, Constitution of Florida; Sec. 287, Criminal Procedure Act; Byrd v. State, 146 Fla. 686, 1 So. (2nd) 624."

The crime of assault with intent to commit murder in the first degree, as charged in the information, embraced lesser criminal offenses. The trial court accepted the plea of nolo contendere and then proceeded to hear testimony and to

ascertain therefrom the degree of guilt for which the appellee should stand convicted. It was the conclusion of the trial court, after hearing all the evidence offered by the respective parties and argument of counsel, that the appellee was guilty of the crime of aggravated assault and so held, and entered judgment against the appellee accordingly. The effect of this adjudication was to acquit the appellee of all greater offenses charged in the information. See State ex rel. Landis v. Lewis, 118 Fla. 910, 160 So. 495; Haddock v. State, 141 Fla. 132, 192 So. 802.

Considerable space in the brief of appellant (the State of Florida) is devoted to the question of whether the appellee (Edmundo Febre), under the plea of nolo contendere, by the trial court should have been adjudged guilty of an assault with intent to commit murder in the first degree, or an assault with intent to commit murder in the second degree. Sections 794.06, 909.10, 909.11, 919.14, 919.16, Fla. Stats. 1941 (FSA); Pensacola Lodge No. 497, BPOE v. State, 74 Fla. 498, 77 So. 613, and citations from other jurisdictions, are cited and relied upon to sustain the contention. These authorities have been carefully examined.

The established procedure in cases like the one at bar is to submit all the evidence to a jury under appropriate instructions and its verdict on controverted questions of fact ordinarily is conclusive. If a jury in the usual course of a trial had rendered a verdict of aggravated assault in the case at bar, rather than the trial court, then the argument of counsel for the State would be untenable. It is difficult to conceive of procedure different from that followed by the trial court. The record reflects his desire to determine the degree of guilt of the appellee and to assess punishment only as authorized by statute.

The trial court, after hearing all the evidence and argument of counsel, reached the conclusion that the appellee was guilty of an aggravated assault. The State of Florida is bound by this finding of fact the same as a jury's verdict. The crime of aggravated assault is a misdemeanor. See Sections 775.08 and 784.04, Fla. Stats. 1941 (FSA) Kiser v. Mayo, 138 Fla. 775, 190 So. 246, Section 11 of Article V of the

Constitution provides that Circuit Courts shall have appellate jurisdiction . . . of all misdemeanors tried in the Criminal Courts of Record. See Section 924.08, Fla. Stats. 1941 (FSA); Byrd v. State, 146 Fla. 686, 1 So. (2nd) 624; Best v. State, 91 Fla. 481, 107 So. 638.

It therefore follows that appellee's motion to dismiss the appeal should be and the same is hereby granted.

It is so ordered.

TERRELL, BUFORD, and ADAMS, JJ., concur.