PIERCE, Judge.
On November 24, 1969, information was filed in the Sarasota County Circuit Court charging appellee Andrew Budnick, Jr., with unlawfully receiving and aiding in the concealment of stolen property, knowing it to have been so stolen. On January 28, 1970, Budnick filed motion to suppress certain items of evidence held by the local police and intended to be used against him at the trial. Ground of the motion was that such evidence has been procured as a result of an unlawful search and seizure in violation of Budnick’s constitutional rights.
Hearing on the motion to suppress was held on January 30, 1970, both Budnick and the State being represented by counsel, at which time adversary testimony was adduced before the Court. At the conclusion of the hearing, the Court orally announced that the evidence so held “will be suppressed”. On February 9, 1970, the Court entered written order suppressing the evidence. On the same day, February 9, 1970, the parties appeared in open Court and without objection Budnick was permitted by the Court to change his plea from not guilty to nolo contendere, which was accepted by the Court. After further proceedings and adversary discussions the Court, on the plea of nolo contendere, found and adjudged Budnick to be not guilty.
On February 27, 1970, eighteen days after the finding and adjudication of not guilty, the State, through the local State Attorney, filed notice of appeal, seeking to review “the Order * * * bearing date the 9th day of February, 1970, and filed February 9, 1970 and the judgement of said Court bearing date the 9th day of February, 1970”. On May 28, 1970, Budnick, appellee here, filed motion to strike the two assignments of error relied upon by the State, both having to do with the propriety of the trial Court’s order in granting the motion to suppress.
F.S. § 924.071, F.S.A. provides that “the state may appeal from a pre-trial order * * * suppressing evidence obtained by search and seizure * * * provided that it [such appeal by the State] must be taken before the commencement of the trial of the cause in which such order is entered”. And F.A.P. Rule 6.3, subd. b, 32 F.S.A. provides that “appeals pursuant to Section 924.071, Florida Statutes 1967, shall be taken within the time prescribed in subsection a above [within thirty days after the order appealed from is entered] or prior to the commencement of the trial whichever is sooner”. (Emphasis supplied).
Surely the legislature in enacting F.S. § 924.071, F.S.A., and the Supreme Court in promulgating F.A.P. Rule 6.3, subd. b, intended to include nolo contendere cases in the limitation of time for the State to take an appeal. And if this be so, the conclusion is compelled that the word “trial” in both the Statute and the Rule contemplated the hearing before the Court to determine the issue of guilt or innocence, *827 and if guilt the sentence to be imposed. But in any event, such “trial” would be not later than the adjudication and sentence. See State v. Febre, Fla.1945, 23 So.2d 270, and Balikes v. Speleos, Fla.App.1965, 173 So.2d 735.
It follows, therefore, that the motion to strike the State’s assignments of error must be and is granted, and the appeal by the State is dismissed ex mero motu.
HOBSON, C. J., and LILES, J., concur.