320 So.2d 50 (1975)
STATE of Florida, Petitioner,
v.
Clifford VINSON, Respondent.
No. 74-1513.
District Court of Appeal of Florida, Second District.
October 8, 1975.
Rehearing Denied November 5, 1975.
*51 Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State's Atty., and James R. Thompson, Asst. State's Atty., Fort Myers, for petitioner.
Robert E. Pyle, Lake Alfred, and Frank C. Alderman, III, Fort Myers, for respondent.
*52 McNULTY, Chief Judge.
The state seeks common law certiorari to review the trial court's order finding the defendant-respondent not guilty, and discharging him, after his plea of nolo contendere to a charge of unlawful delivery of a controlled substance as proscribed by Chapter 893, F.S. 1973, known as The Florida Comprehensive Drug Abuse Prevention and Control Act. We grant the writ.
Defendant-respondent is a doctor licensed in Florida. As such, he is a "practitioner" within the purview of § 893.02, F.S. 1973, and, pursuant to § 893.05(1), F.S. 1973, is authorized to prescribe, administer or dispense a controlled substance, but only if it is done "in good faith and in the course of his professional practice." The information herein charges that he "unlawfully" delivered the controlled substance "by use of a written order for said drug not issued in good faith and within the course of his professional practice." (Italics ours.) We determined in a prior appeal,[1] one taken by the state from an order dismissing the charges herein, that such non-exempt prescribing of the drug constitutes a "delivery" as defined in § 893.02 (4), F.S. 1973. Accordingly, the order dismissing the information was reversed and the cause was remanded for further proceedings.
Upon remand, Doctor Vinson withdrew his not guilty plea to the charge and entered a plea of nolo contendere. The record reflects that the plea was intelligently, understandingly, advisedly and voluntarily entered. The trial judge accepted the plea and ordered an evidentiary hearing thereon which he held the following day. Following the hearing, and in spite of considerable evidence tending to inculpate the respondent, the trial judge indicated that he was not convinced beyond and to the exclusion of every reasonable doubt of the respondent's guilt; whereupon, over the strenuous objections of the state, he entered a finding of not guilty and discharged respondent.
To begin with, we think the trial judge clearly departed from the essential requirements of law. Obviously, too, the state is at the peril of irrevocable prejudice. Therefore, certiorari is appropriate.
First, concerning the departure from the essential requirements of law, we are of the view that the trial judge was without authority to consider as viable at all the issue of guilt or innocence. The nature of a plea of nolo contendere and the province of the court upon accepting such a plea are well settled.[2] In United States v. Norris,[3], for example, after the entry of a plea of nolo contendere a stipulation of facts was filed which tended strongly to exculpate the defendant. The trial judge denied the defendant's motion in arrest of judgment which urged that upon the face of the record he was patently not guilty of the crime charged. The motion was denied and judgment of guilt and sentence were thereupon entered. The Supreme *53 Court of the United States ultimately affirmed the judgment of guilt saying:[4]
"In the face of an indictment good in form and substance, and of a plea thereto of nolo contendere, which, although it does not create an estoppel, has all the effect of a plea of guilty for the purposes of the case (citing cases), the stipulation was ineffective to import an issue as to the sufficiency of the indictment, or an issue of fact upon the question of guilt or innocence. ... After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Regarded as evidence upon the question of guilt or innocence, the stipulation came too late, for the plea of nolo contendere, upon that question and for that case, was as conclusive as a plea of guilty would have been... .
"The court was no longer concerned with the question of guilt, but only with the character and extent of the punishment (citing authority). The remedy of the accused, if he thought he had not violated the law, was to withdraw, by leave of court, the plea of nolo contendere, enter one of not guilty, and, upon the issue thus made, submit the facts for determination in the usual and orderly way." (Italics ours.)
Similarly, after exhaustively reviewing the authorities, this court in Peel v. State quoted from 152 A.L.R. 278:[5]
"`It has been said that the plea, like a demurrer, admits, for the purpose of the case, all the facts which are well pleaded, and only those. In accordance with this statement, the court will, generally speaking, refuse to go behind the indictment or turn its proceedings relative to the imposition of sentence into a trial of the case, provided the plea was entered into "knowingly, voluntarily, and intelligently." Once the plea is entered, unless retracted by leave of court, defendant's only avenue of escape is by motion in arrest of judgment, based, of course, upon some inherent, fatal defect apparent in the record, such as that the indictment charged no offense, or that it was defective, or that it showed on its face that the offense charged was barred by the statute of limitations. These are the same objections the defendant would equally be entitled to raise after a plea of guilty. However, if such inherent defect exists, the court is authorized in proper circumstances, to strike on its own motion the plea of nolo contendere from the record and dismiss the information in order to protect the defendant against his own ignorance.'" (Italics ours.)
We hold, therefore, while not precluding a trial judge in his discretion from making inquiry into a factual basis for a nolo contendere plea, there being no express requirement therefor under Rule 3.170, RCrP, that if the trial judge indeed makes such inquiry or if, for one reason or another, he thinks that the underlying facts of the case do not establish the defendant's guilt, he nevertheless has no authority to enter a judgment of not guilty. We think the proper procedure to be that he afford the accused an opportunity to withdraw such plea or, in the alternative, refuse to accept such plea, enter a plea of not guilty on behalf of the accused and put the state to the proof of its charge.
Lastly, we say that respondent's resistance to the petition herein on double jeopardy grounds is not well founded. While ordinarily jeopardy attaches upon the entry of a plea of guilty or nolo contendere and its acceptance by the court, double jeopardy sanctions come to fruition only after the court properly acts thereon *54 in a manner within its jurisdiction and authority.[6] We have held herein that the trial court exceeded that authority when he entered the finding of not guilty and discharged respondent. Therefore, the matter is still pending. Stated otherwise, this is not a second or subsequent prosecution of the respondent on the charge herein, rather, this is still the first and same prosecution which was simply prematurely and improperly terminated by the court without jurisdiction or authority.
In view whereof, certiorari is granted, the order discharging defendant-respondent is vacated and set aside, and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] See State v. Vinson (Fla.App.2d, 1974), 298 So.2d 505.
[2] See United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076 (1930); Chesebrough v. State (Fla. 1971), 255 So.2d 675; Peel v. State (Fla.App.2d, 1963), 150 So.2d 281, and the numerous cases cited therein. The Florida case of State v. Febre (1945), 156 Fla. 149, 23 So.2d 270, may appear to be contra; and if so, it stands alone. It is patently distinguishable, however, in that there, though guilt to a lesser degree of the crime charged was found, there was nonetheless a determination of guilt entered; and it may well be articulated that the reduction went to the extent of punishment rather than to guilt or innocence. In any case, the comments therein are purely dicta since the court dismissed the appeal holding that jurisdiction of the appeal lay in the circuit court (the conviction being for a misdemeanor). Certiorari, apparently, was not considered.
[3] 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076.
[4] Id. at 622, 50 S.Ct at 425.
[5] (Fla.App.2d, 1963), 150 So.2d 281, 291.
[6] See Caves v. State (Fla.App.2d, 1974), 303 So.2d 658.