345 So.2d 711 (1977)
Clifford VINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 48476.
Supreme Court of Florida.
March 31, 1977.
Rehearing Denied May 31, 1977.
Robert E. Pyle, of Pyle & Barber, Lake Alfred, and Frank C. Alderman, III, Fort Myers, for petitioner.
Joseph P. D'Alessandro, State's Atty.; Louis S. St. Laurent, Chief Asst. State's *712 Atty., Fort Myers and James R. Thompson, Asst. State's Atty., for respondent.
ROBERTS, Justice (Retired).
We review here by conflict certiorari a decision of the District Court of Appeal, Second District, reported at 320 So.2d 50 (Fla., DCA 2d, 1975), reversing a decision of the trial court which discharged the defendant. We have tentative jurisdiction because of apparent conflict with State v. Febre, 156 Fla. 149, 23 So.2d 270 (1945).
Petitioner Vinson, defendant at the trial level and a physician, was charged with unlawful delivery of a controlled substance as proscribed by Chapter 893, Florida Statutes, 1973, known as the Florida Comprehensive Drug Abuse Prevention and Control Act. Dr. Vinson entered a plea of not guilty but later, after what appeared to be some form of plea bargaining, withdrew his plea of not guilty and entered a plea of nolo contendere. The trial judge ordered an evidentiary hearing on the plea. The State objected contending that upon the tender of such a plea the sole responsibility and authority of the Court was to accept (or reject) the plea and, if accepted, to impose sentence. Over the State's objection, the trial court proceeded to receive into evidence five exhibits and heard six witnesses, such witnesses being at times questioned from the bench. Several weeks later, the trial judge entered an Order finding Dr. Vinson not guilty of both counts and discharging him. The State appealed the decision to the District Court of Appeal, Second District, contending that the action of the trial judge in conducting the hearing and discharging the defendant was without authority of law and in effect a nullity and, therefore, did not prevent further prosecution of the case. The decision of the District Court in reversing the trial court appears as State v. Vinson, 320 So.2d 50 (Fla., DCA 2d, 1975). The controlling question now presented is whether or not the action of the trial court was sufficient to bar further prosecution against a defense of former jeopardy.
The District Court properly determined that the trial judge was without authority at all to consider as viable the issue of guilt or innocence and explained:
"We hold, therefore, while not precluding a trial judge in his discretion from making inquiry into a factual basis for a nolo contendere plea, there being no express requirement therefor under Rule 3.170 RCrP, that if the trial judge indeed makes such inquiry or if, for one reason or another, he thinks that the underlying facts of the case do not establish the defendant's guilt, he nevertheless has no authority to enter a judgment of not guilty."
Preliminarily, we find that Rule 3.170, Florida Rules of Criminal Procedure,[1] does *713 not require that an inquiry be made into the factual basis for a plea of nolo contendere. This rule expressly provides:
"(j) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty." (emphasis supplied)
Although this rule requires a determination by the trial court that the circumstances surrounding the plea reflect a full understanding of the significance of the plea of nolo contendere or guilty and its voluntariness, as evidenced by the explicit language contained therein, an inquiry must be made into the factual basis of a guilty plea but not a plea of nolo contendere.
A plea of nolo contendere admits the facts for the purpose of the pending prosecution. It raises no issue of law or fact under the accusation. The United States Circuit Court of Appeals, Seventh Circuit, in a note to its decision in Tucker v. United States of America, 196 F. 260 (CA 7 Cir., 1912), described the nature and purpose of such a plea, as follows:
"The plea of nolo contendere (I will not contest it) is used in criminal cases where the accused, though unwilling to confess his guilt, does not wish to go to trial, and desires the court immediately to impose sentence.
The early records of this ancient plea state the fact to be that the defendant is unwilling to contest the question with the Crown, and therefore throws himself upon the mercy of the court. Non vult contendere cum domina regina et ponit se in gratium curice. 2 Hawk. P.C. chap. 21; Reg. v. Templeman, 1 Salk. 55; Chitty, Crim. Law, chap. 10 (which is quoted at length in the opinion of the reported case). The effect in practice was that there was nothing left for the court to do, except to impose sentence.
In State v. La Rose, 71 N.H. 435, 52 Atl. 943, the plea is thus characterized: `The plea is in the nature of a compromise between the state and the defendant,  a matter not of right, but of favor. Various reasons may exist why a defendant conscious of innocence may be willing to forego his right to make defense if he can be permitted to do so without acknowledging his guilt. Whether, in a particular case, he should be permitted to do so, is for the court.'
And in Doughty v. De Amoreel, 22 R.I. 158, 46 Atl. 838, it was said: `Doubtless it is often used as a substitute for a plea of guilty, but it simply says that the defendant will not contend. This is not a confession of guilt, because an accused person might find himself without witnesses to establish his innocence, from their death, absence, or other cause, and hence waive a fruitless contest.'"
The Supreme Court of the United States in Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347, analyzed the historical background of the plea:
"The use of the plea in the Federal courts and the propriety of imposing a prison sentence upon it are recognized by the Probation Act; March 4, 1925, chap. 521, 43 Stat. 1259, [Comp. Stat. § 10,564 4/5, Fed.Stat.Anno.Supp. 1925, p. 172]. Section 1 of that Act provides for the suspension of sentence and the release of the prisoner on probation `after *714 [453] conviction, or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment.'
"The plea of nolo contendere was known to the common law, and is referred to, although not by name, by a modern English text-writer. See Archbold's Pleading, Evidence & Practice in Criminal Cases, (26th ed. 1922) 379. But no example of its use in the English courts has been found since the case of Queen v. Templeman, decided in 1702, 1 Salk. 55 [91 Eng. Reprint, 54], where, although a fine was imposed, the question now under consideration was neither decided nor discussed.
"The view of the court in the Tucker [v. United States, 7 Cir., 196 F. 260], Case that a prison sentence may not be imposed on the plea of nolo contendere rests upon no more substantial basis than a possibly ambiguous phrase in a passage from Hawkins, Pleas of the Crown, 8th ed. book 2, chap. 21, 466. The author prefaces the chapter, `Of Confessions and Demurrer,' with the remark, `And now I am to consider what is to be done to a prisoner upon his confession; which may be either Express or Implied.' In §§ 1 and 2 he points out that a confession of guilt `carries with it so strong a presumption of guilt, that an entry or record, quod cognovit indictamentum, etc., in an indictment of trespass, estops the defendant to plead `not guilty' to an action brought afterwards against him for the same matter.' He then says:
"`Sec. 3. An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine: in which case, if the court think fit to accept of such submission, and make an entry that the defendant posuit se in grantiam regis, without putting him to a direct confession, or plea (which in such cases seems to be left to discretion), the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is quod cognovit indictamentum.'
"[454] This passage appears in all the earlier editions of Hawkins. It has been handed down from generation to generation of text writers in substantially the same form with occasional glosses, but researches rarely went further. Similarly, judicial study of the history of the plea halts with Hawkins.
* * * * * *
"But even if we regard the implied confession as a petition which in Hawkins's time had to be accepted as tendered, in modern practice it has been transformed into the formal plea of nolo contendere. Like the implied confession this plea does not create an estoppel, but like the plea of guilty, it is an admission of guilt for the purposes of the case. Section 3, it is true, speaks of the defendant's yielding to mercy and his desire `to submit to a small fine,' but even if we assign to these words the more comprehensive meaning suggested, they do not say that the court is bound to yield to the prisoner's petition in fixing sentence, nor do they suggest that the court by accepting a formal plea which admits guilt for the purposes of the case would be bound to yield to its implied appeal for mercy.
* * * * * *
"Undoubtedly a court may, in its discretion, mitigate the punishment on a plea of nolo contendere, and feel constrained to do so whenever the plea is accepted with the understanding that only a fine is to be imposed. But such a restriction made mandatory upon the court by positive rule of law would only hamper its discretion and curtail the utility of the plea."
The following excerpt from 21 Am.Jur.2d, Criminal Law Section 497, supported by much decisional authority, is pertinent:
"Generally; nature and purpose of plea. Recent years have brought about the renaissance of the plea of nolo contendere in criminal proceedings after *715 such plea was on its way to oblivion. The plea raises no issue of law or fact under the accusation, is not one of the pleas, general or special, open to the accused in all criminal prosecutions, and is allowable only on leave and acceptance by the court. It is not a plea in the strict sense of that term in the criminal law, but rather an unwillingness to plead and present a defense. It is a formal declaration by the accused that he will not contend with the prosecuting authority under the charge."
A plea of nolo contendere does not admit the allegations of the charge in a technical sense but only says that the defendant does not choose to defend. U.S. v. Weirton Steel Co., 62 F. Supp. 961 (D.C.W. Va. 1945). It is merely a formal declaration that the accused will not contest the charges with the prosecutor and is in the nature of a compromise between the state and the accused. Federal Deposit Ins. Corp. v. Cloonan, 165 Kan. 68, 193 P.2d 656 (1948).
Wharton's Criminal Procedure, Volume 4, p. 772, § 1903, describes the plea of nolo contendere, as follows:
"The plea of nolo contendere admits the facts for the purpose of the pending prosecution and to that extent has the same effect as a plea of guilty, but unlike a plea of guilty it cannot be used against the defendant in a civil suit as an admission of the facts charged in the indictment when accompanied by a protestation of the defendant's innocence.
"The plea of nolo contendere cannot be put in without leave of court. It is discretionary with the court to receive such a plea, and usually it is allowed, if at all, only in inferior misdemeanors. This plea is ordinarily not permitted in a capital case, and in some jurisdictions is not permitted in any case."
It is defined by Black's Law Dictionary, as follows:
"NOLO CONTENDERE. Lat. I will not contest it. The name of a plea in a criminal action, having the same legal effect as a plea of guilty, so far as regards all proceedings on the indictment, and on which the defendant may be sentenced. U.S. v. Hartwell, 26 Fed.Cas. 196, No. 15,318, 3 Cliff. 221."
A plea of nolo contendere has been determined to be equivalent to a guilty plea only insofar as it gives the court the power to punish. Peel v. State, 150 So.2d 281 (Fla.2d DCA, 1963), State v. Thomas, 236 N.C. 196, 72 S.E.2d 525 (1952).
An annotation on the effect of the plea of nolo contendere as an admission and waiver of defects, 152 A.L.R. 277, explains:
"Since under a plea of nolo contendere, the allegations of the indictment stand as impliedly admitted, no issue of law or fact is raised. Consequently, after a plea of nolo contendere is entered, a stipulation of facts is ineffective to import an issue as to the sufficiency of the indictment, or an issue of fact upon the question of guilt or innocence.
"By pleading nolo contendere, the defendant thereby waives all formal defects in the proceedings of which he could have availed himself by a plea to the merits, a plea in abatement, a demurrer, or a motion to quash, and also his right to go to trial. Thus, it has been said that the defendant who has entered a plea of nolo contendere has no standing to argue that he did not have a fair trial, or that a jury trial was unconstitutionally denied to him. The implied waiver of trial by the defendant interposing a plea of nolo contendere may also preclude him from filing a bill of exceptions where the statute provides that a defendant is permitted to file such a bill only after conviction, or after the denial of his motion for a new trial.
"It has been said that the plea, like a demurrer, admits, for the purpose of the case, all the facts which are well pleaded, and only those. In accordance with this statement, the court will, generally speaking, refuse to go behind the indictment or to turn its proceedings relative to the imposition of sentence into a trial of the case, provided the plea was entered into `knowingly, voluntarily, and intelligently.' *716 Once the plea is entered, unless retracted by leave of court, defendant's only avenue of escape is by motion in arrest of judgment, based, of course, upon some inherent, fatal defect apparent in the record, such as that the indictment charged no offense, or that it was defective, or that it showed on its face that the offense charged was barred by the statute of limitations. These are the same objections the defendant would equally be entitled to raise after a plea of guilty. However, if such inherent defect exists, the court is authorized in proper circumstances, to strike on its own motion the plea of nolo contendere from the record and dismiss the information in order to protect the defendant against his own ignorance."
The court in Peel v. State, supra, confronted, inter alia, with the issue of whether the court could accept a plea of nolo contendere to a capital case, the District Court of Appeal, Second District, opined:
"We have found no case where a defendant has been sentenced to a death penalty on a plea of nolo contendere. Logically, we see no reason why a plea of nolo contendere in a capital case should not be upheld even when the death penalty has been imposed, considering the present development of the law as to the use of the plea. It is apparently true that under the historical development of the law in England a person could not plead nolo contendere or non vult to a capital crime. Apparently he could not plead guilty to a capital crime either."
Therein, the District Court found that the plea of nolo contendere had the same effect as a guilty plea as to the case in which it is entered, i.e., waiver of all formal defects in the proceedings of which he could have availed himself.
As is quoted in the instant decision of the District Court of Appeal, Second District, and appropriately applicable to the facts before us, the Supreme Court of the United States in United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076 (1930), explicated:
"In the face of an indictment good in form and substance, and of a plea thereto of nolo contendere, which, although it does not create an estoppel, has all the effect of a plea of guilty for the purposes of the case (citing cases), the stipulation was ineffective to import an issue as to the sufficiency of the indictment, or an issue of fact upon the question of guilt or innocence. ... After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Regarded as evidence upon the question of guilt or innocence, the stipulation came too late, for the plea of nolo contendere, upon that question and for that case, was as conclusive as a plea of guilty would have been... .
"The court was no longer concerned with the question of guilt, but only with the character and extent of the punishment (citing authority). The remedy of the accused, if he thought he had not violated the law, was to withdraw, by leave of court, the plea of nolo contendere, enter one of not guilty, and, upon the issue thus made, submit the facts for determination in the usual and orderly way." (emphasis supplied)
We agree with the District Court sub judice under the facts presented that the trial court had no authority to enter a judgment of not guilty.
As to the double jeopardy argument presented by petitioner, we find it to be without merit. The District Court correctly declared:
"While ordinarily jeopardy attaches upon the entry of a plea of guilty or nolo contendere and its acceptance by the court, double jeopardy sanctions come to fruition only after the court properly acts thereon in a manner within its jurisdiction and authority. We have held herein that the trial court exceeded that authority when he entered the finding of not guilty and discharged respondent. Therefore, the matter is still pending. Stated otherwise, this is not a second or *717 subsequent prosecution of the respondent on the charge herein, rather, this is still the first and same prosecution which was simply prematurely and improperly terminated by the court without jurisdiction or authority."
Insofar as this decision may appear to be in conflict with State v. Febre, supra, the Febre decision rendered in 1945 prior to the adoption of Florida Criminal Procedure Rule 3.170, is modified to conform with this view.
In summary, we hold that the decision of the trial court discharging the defendant was without authority or jurisdiction and is a nullity. The choices of the trial court under Rule 3.170 and the facts of this case were: (1) to accept the plea and enter judgment and sentence thereon or (2) to reject the plea, enter a plea of not guilty for the defendant after which the defendant would have a choice of entering a plea of guilty or not guilty and then proceeding with the trial.
Accordingly, the decision of the District Court, being without error, is approved, and the writ of certiorari heretofore issued is hereby discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, J., concurs with an opinion, with which ROBERTS (Retired), J., concurs.
BOYD, J., dissents with an opinion.
ENGLAND, Justice, concurring.
The reasoning of the majority with respect to Vinson's double jeopardy contention is both logical and consistent with prior constitutional decisions. The double jeopardy provisions of the Florida Constitution[1] and the United States Constitution[2] implicate two distinctive inquiries. The first is whether jeopardy has "attached" at all in the proceeding. The second is whether, if jeopardy has in fact attached, reprosecution is nonetheless permitted by reason of "manifest necessity" or to meet the "ends of public justice".[3] This case involves only the first consideration.
We have held that jeopardy attaches when an unconditional guilty plea is or should have been "accepted".[4] The United States Supreme Court has held that jeopardy attaches in a non-jury proceeding called for trial when the trial judge begins to hear evidence.[5] Neither of these positions lend credence to the suggestion that a defendant can force a premature attachment of jeopardy simply by tendering a "no contest" plea to the trial judge. Obviously some form of acceptance is required before defendants can claim a constitutional right to prohibit reprosecution. The situation on tender of a no contest plea is identical to the situation on tender of a conditional guilty plea, as to which we have held that jeopardy attaches only when the plea is accepted.[6]
It is illogical to suggest that the process by which a trial judge decides whether to accept or reject a plea  either by informal discussion with counsel for both sides or by requiring the presentation of evidence  can determine whether a defendant has been put in "jeopardy"  that is, in a position of being subject through state action to the embarrassment, expense and ordeal of multiple *718 conviction attempts.[7] It follows that the majority has correctly concluded that this case presents no constitutional difficulty under the Florida or United States Constitution.
ROBERTS (Retired), J., concurs.
BOYD, Justice, dissenting.
Petitioner Vinson, a physician licensed to practice medicine in Florida, was charged by information with two counts of unlawful delivery of controlled substances contrary to Section 893.13, Florida Statutes. The information alleged that Dr. Vinson had issued written orders prescribing controlled substances outside the course of his professional practice. After Dr. Vinson withdrew his plea of not guilty and entered a plea of nolo contendere, the trial judge ordered an evidentiary hearing on the plea. At the hearing, above the protestations of the State that the purpose of the hearing was limited solely to determine the sentence to be imposed, the trial judge announced, "... it is necessary that an Evidentiary Hearing be held, in order for the Court to determine the guilt or the innocence of the man and the truth of the matter, which is what we are after... ." The State then introduced five exhibits into evidence and presented six witnesses who testified to a complete version of the circumstances which led to the charge. Over objection by the State a brief cross-examination of one of the witnesses, interspersed with questions from the bench, was conducted by the defense. Less than one month later the trial judge rendered an order finding Dr. Vinson not guilty of both counts and discharging him from the case.
The State appealed to the District Court of Appeal, Second District. In its decision reported at 320 So.2d 50, the court held the following: (1) While a trial judge is not precluded from making inquiry into a factual basis for a nolo contendere plea, at the conclusion of such inquiry he has no authority to enter a judgment of acquittal. If he thinks that the underlying facts do not establish guilt, he may afford the accused an opportunity to withdraw the plea, or, in the alternative, refuse to accept the plea and enter a plea of not guilty. (2) Such a decision does not run afoul of the prohibition against double jeopardy. Jeopardy had attached. However, entry of the judgment of acquittal was an act beyond the jurisdiction of the trial court, so that the matter awaited proper disposition through trial to be conducted on remand.
We have jurisdiction[1] because of conflict with State v. Febre, 156 Fla. 149, 23 So.2d 270 (1945).
The main issue for our decision is whether Dr. Vinson may now be tried consistent with the prohibitions against double jeopardy contained in the Fifth Amendment to the U.S Constitution and Article I, Section 9 of the Florida Constitution.
The basic premise underlying the prohibition against double jeopardy is that a defendant should not be twice tried or punished for the same offense. U.S. v. Wilson, 420 U.S. 332, 339, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). From this premise it follows that in nonjury proceedings jeopardy attaches when the judge begins to hear evidence on the issue of guilt, State v. Bernard, 254 So.2d 38 (Fla.3d DCA 1971), Serfass v. U.S., 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), and that the constitutional prohibition has no application until a defendant is put to trial before the trier of facts, whether the trier be a jury or a judge. U.S. v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).
It is clear that the judge in this case began to hear evidence on the issue of guilt so that jeopardy attached. The question remains whether the evidentiary hearing before the judge amounted to a trial, thereby preventing a retrial of Dr. Vinson.
In State v. Budnick, 237 So.2d 825 (Fla.2d DCA 1970), the Court held that the word "trial" contemplates a hearing on a plea of nolo contendere before a court seeking to *719 determine guilt or innocence. In State v. Febre, supra, the accused was charged with first degree murder and pleaded nolo contendere. The judge heard testimony and entered a judgment of conviction for the lesser offense of aggravated assault. The State appealed to this Court where it was held that the State was as bound by the judgment as if it had been entered pursuant to a jury verdict. I think that the State is just as bound by the judgment acquitting Dr. Vinson as if a jury had acquitted him, and I agree with Budnick that an evidentiary hearing on a plea of nolo contendere constitutes a trial. To retry Dr. Vinson would violate the prohibition against double jeopardy.
The majority relies upon Rule 3.170, Florida Rules of Criminal Procedure, which provides:
"(j) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty."
The rule requires courts in each case before accepting a guilty plea to find a factual basis for the plea, but no such requirement is made for a plea of nolo contendere. Since both are usually treated by criminal courts as guilty pleas, equal justice requires the courts to find a factual basis for accepting a nolo contendere plea as if it were a guilty plea. The court was therefore authorized to make the inquiry here.
The fundamental purpose of criminal courts is to convict the guilty and to acquit the innocent. Rules of criminal procedure should not be applied mechanically, but courts should exercise discretion in each case. The court here was not satisfied with what had been made known in the initial presentation and made a lengthy examination of facts from State witnesses and exhibits. After entering the nolo contendere plea petitioner was upon the mercy of the court. If an error occurred it should not be charged against petitioner.
The Constitution of the United States is an elastic, living instrument capable of solving problems of society without violent revolution. Constitutional rights should be jealously guarded by all courts.
No constitutional right is more precious than the prohibition against trying the same person for the same crime after being acquitted.
I respectfully dissent.
NOTES
[1] Although it does not affect the outcome of this case, it is noteworthy that this Court on February 10, 1977, amended this rule to read as follows:

"(a) Before accepting a plea of guilty or nolo contendere the trial judge shall satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function."
and to become effective July 1, 1977. Also interesting is that Federal Rule 11 parallels more closely Florida's Rule of Criminal Procedure 3.170 as it existed prior to February 10, 1977. The Federal Rule provides:
"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."
In the report of the American Bar Association Project on Minimum Standards for Criminal Justice, the annotators, on page 34 of the volume identified as "Pleas of Guilty", said:
"Consistent with the position taken in the recent revision of Federal Rule 11, inquiry into accuracy is not required when the defendant enters a plea of nolo contendere. The Advisory Committee's note to Rule 11 states: `For a variety of reasons it is desirable in some cases to permit entry of judgment upon a plea of nolo contendere without inquiry into the factual basis for the plea. The new third sentence is not, therefore, made applicable to pleas of nolo contendere.' For one thing, the risk of inaccuracy when a nolo plea is tendered is relatively slight, as in such cases there is usually a sophisticated defendant (very often a business enterprise) who has been fully advised by retained counsel. Moreover, the advantages to be gained from such a plea might be diminished or lost if there were a subsequent inquiry into the underlying facts."
And so it is that Federal Rule 11 and the revised rule replacing Florida Criminal Procedure Rule 3.170 present different views as between the Federal and State Systems.
[1] Article I, Section 9 of the Florida Constitution provides that "no person shall ... be twice put in jeopardy for the same offense... ."
[2] The Fifth Amendment has been made applicable to the states through the due process clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
[3] Illinois v. Sommerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).
[4] Ray v. State, 231 So.2d 813 (Fla. 1969).
[5] Serfass v. United States, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).
[6] Troupe v. Rowe, 283 So.2d 857 (Fla. 1973).
[7] Green v. United States, 355 U.S. 184, 187-88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
[1] Art. V. § 3(b)(3), Fla. Const.