### State of Vermont v. Gary W. Clarke

[496 A.2d 164]

No. 84-252

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 26, 1985

Motion for Reargument Denied June 21, 1985

548

*John A. Rocray,* Windham County State's Attorney, Brattleboro, for Plaintiff-Appellant.

*David G. Reid,* Public Defender, Brattleboro, for Defendant-Appellee.

**Allen, C.J.** This appeal presents the question of whether a defendant, reported to have been insane at the time of the charged offense by a psychiatrist conducting an examination pursuant to 13 V.S.A. § 4814, and ordered hospitalized pursuant to 13 V.S.A. § 4822, may subsequently be tried for the charged offense.

The defendant was charged with simple assault, breaking and entering, sexual assault, and kidnapping. He entered a plea of not guilty and gave notice that he would rely upon the defense of insanity. The court on its own motion ordered a psychiatric examination of the defendant, as it was permitted to do by 13 V.S.A. § 4814(a)(1) and § 4814(b). The psychiatrist reported that a defense of not guilty by reason of insanity "could be supported." Unclear as to whether this report constituted a finding that the defendant was "insane at the time of the alleged offense," thus triggering a hospitalization hearing, 13 V.S.A. § 4820(1), the court asked the psychiatrist to clarify his conclusion. In a supplemental report, the psychiatrist refused to do so, stating that the question of whether the defendant was insane was a legal one beyond his competence. The court held the hospitalization hearing, and issued an order

in which it concluded that the psychiatrist's report did find that the defendant was insane at the time of the offense. The court then found that the defendant was "a person in need of treatment," and ordered him to be hospitalized indefinitely, pursuant to 13 V.S.A. § 4822. Neither party appealed from that order.

The defendant subsequently moved to dismiss the charges against him pursuant to V.R.Cr.P. 12(d) and V.R.Cr.P. 48(b). That motion was granted on the grounds that the hospitalization order established that the defendant was insane at the time of the alleged offense. The State appeals from that dismissal. We reverse.

A more detailed explanation of Title 13, Chapter 157, Insanity as a Defense, is necessary to clarify the decision in this case. Chapter 157, inter alia, is a delineation of the various procedural paths by which a defendant may be subjected to a hospitalization hearing, at which the court is to determine whether he is to be committed to the care and custody of the Department of Mental Health. There are four such paths: a report by a psychiatrist that the defendant was insane at the time of the alleged offense; a finding by the court that the defendant is incompetent to stand trial; a refusal by a grand jury to indict the defendant due to his or her insanity at the time of the alleged offense; and an acquittal by reason of insanity following trial. 13 V.S.A. § 4820.

Once a hospitalization hearing is triggered by one of those four events, the court must make a finding as to whether the defendant "is a person in need of treatment or a patient in need of further treatment" as defined in 18 V.S.A. § 7101. 13 V.S.A. § 4822. Persons meeting that description are persons subject to involuntary hospitalization pursuant to 18 V.S.A. §§ 7611–7623. In essence, then, the hospitalization hearing under 13 V.S.A. § 4822 involves the same issues as a civil involuntary commitment proceeding. The sole issue at the hospitalization hearing is whether the defendant should be hospitalized because of his mental state *at the time of that hearing*. The court at a § 4822 hearing is not authorized to decide whether the defendant was insane at the time of the alleged offense. That is an issue for the jury to decide at the trial on the merits. A defendant may have been insane at the time of

the alleged offense, under 13 V.S.A. § 4801(a), and yet not be a person in need of treatment, under 18 V.S.A. § 7101. Conversely, a defendant may be a person in need of treatment, yet not have been insane at the time of the alleged offense.

█ Thus, the finding by a court, after a 13 V.S.A. § 4820 hospitalization hearing, that a defendant is a person in need of treatment, is not relevant to whether the defendant was insane at the time of the alleged offense. See *State* v. *Williams*, 143 Vt. 396, 467 A.2d 667 (1983) (defendant convicted following involuntary hospitalization). Therefore, such an order of commitment cannot serve as the basis for dismissal of a criminal charge under V.R.Cr.P. 12(d).

This case presents a complicating factor. The examining psychiatrist refused to state explicitly in his report whether the defendant was insane at the time of the alleged offense. Thus, it was unclear whether a hospitalization hearing had been triggered by 13 V.S.A. § 4820(1). This ambiguity required the court to determine at the outset what it termed "a procedural issue": whether the psychiatrist had "reported [the defendant] . . . to have been insane at the time of the alleged offense." 13 V.S.A. § 4820(1). After carefully reviewing the statutory definition of insanity, and the details of the psychiatrist's report, the court concluded that, in fact, the psychiatrist had reported that the defendant was insane at the time of the alleged offense. Thus, the hospitalization hearing was triggered.

Had the court below stopped at this point, our task would have been simpler. However, in the court's findings of fact it stated that: "[a]t the time of the alleged offense [the defendant's] thought processes were so disturbed as to make it impossible for him to conform his conduct to the requirements of the law . . . . The defendant's disturbed thinking is a mental illness or disorder as well as mental disease within the meaning of 13 V.S.A. 4801."

Thus, the court went beyond its statutory mandate to determine, first, whether the psychiatrist had reported the defendant to be insane at the time of the alleged offense; and second, whether the defendant was a person in need of treatment. The court also made a finding that the defendant was, in fact, insane at the time of the alleged offense.

■ The issue of whether the defendant was insane at the time of the alleged offense was not before the court at the hospitalization hearing, and the court had no authority to make a finding on that issue. The evidence given at the hearing was directed to whether the defendant met the definition of a person in need of treatment, as set out at 18 V.S.A. § 7101. No evidence was heard on the issue of the defendant's sanity at the time of the alleged offense. Accordingly, the court's finding on that issue is a nullity. See *Vinson* v. *State*, 345 So. 2d 711, 717 (Fla. 1977) (discharge of defendant following plea of nolo contendere was outside authority and jurisdiction of court, and is nullity). Thus, that finding cannot bar prosecution of the defendant for the alleged offense.

Finally, the defendant contends that the United States and Vermont Constitutions require a finding that the defendant was insane at the time of the alleged offense, as well as a finding that the defendant is a person in need of treatment, in order to hospitalize him pursuant to 13 V.S.A. § 4822. This additional finding, the defendant claims, is required because, pursuant to 13 V.S.A. § 4822, the court may impose an additional burden upon the defendant before his release: a hearing to determine whether he is no longer a person in need of treatment. This hearing, it is claimed, which is not required of persons civilly committed under Title 18, gives rise to a due process requirement that insanity be found as of the time of the alleged offense.

■ Whether the discharge procedures for persons committed pursuant to Title 13 conform to constitutional requirements is not before the Court in this case. The defendant has not requested to be discharged, nor challenged the hearing requirement found in 13 V.S.A. § 4822. Even if the § 4822 hearing requirement were unconstitutional, the defendant could still be tried for the charged offenses. This Court will not decide constitutional questions unnecessarily. *State* v. *Patnaude*, 140 Vt. 361, 368, 438 A.2d 402, 404 (1981).

■ Accordingly, the court's dismissal of the charges against the defendant on the grounds that he had previously been found insane at the time of the alleged offense was error.

*Reversed.*