522 So.2d 71 (1988)
Phillip NEWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2574.
District Court of Appeal of Florida, Fourth District.
February 24, 1988.
Rehearing Denied April 6, 1988.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Diane Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant was convicted of conspiracy to traffic in cocaine and trafficking in cocaine by delivery. We affirm.
We opt to discuss only what occurred on the day of the alleged delivery, not on the days prior thereto; as we shall discuss only the charge of "delivery," not conspiracy.
On the morning in question, Glen Taylor informed undercover detective Daniel Losey that he was going to use a connection to get cocaine. After some postponements Taylor informed Losey that the supply had arrived, and the two met at Taylor's residence in Lauderhill.
When the two entered the house, Taylor introduced Losey to David Acosta, Vincent Medina and appellant. Appellant indicated that next time Losey could just call and everything could be ready.
Losey said he wanted to look at the cocaine and then he would call the person with the money. Medina went out and returned with a paper bag, which he placed on the kitchen table. Acosta took a white package out of the bag. Medina and appellant cut a small opening in the package, exposing a white powder. Losey said he would call his money man. He telephoned Detective Adderley and told him to come over.
Medina put the package back in the paper bag and left with it. Losey objected that the goods were being removed. Appellant told him the package was being placed in the car. Medina subsequently returned to the house.
When Adderley arrived, he said he would not bring the money in until the cocaine was also there. Adderley testified that Taylor then told him if he entered he would get the "stuff." Adderley entered and Medina brought in two brown paper bags, placing them on the kitchen table. Acosta opened them and placed on the table two packages like the one Losey had been shown earlier. Adderley took a small amount of the substance and rubbed it in his hand. He said he would bring in the money.
*72 Adderley and Taylor went out. Taylor was placed under arrest in Adderley's car by surveillance officers. A group of these officers followed Adderley to the townhouse and after a struggle between Adderley and appellant at the door, entered and arrested the remaining subjects, including appellant.
Trafficking in cocaine by delivery occurs when there is an actual, constructive or attempted transfer of the controlled substance from one person to another. § 893.02(5), Fla. Stat. (1985). Appellant argues the cocaine quite deliberately remained in the possession of Acosta and Medina throughout the episode in which appellant was an actor, and therefore there was not so much as even an attempted transfer.
We conclude that a jury could find that there was a delivery. The deal was done. The contraband, which had been sampled, was on the table. All that remained was the physical transfer of the funds. At the very least this was a constructive delivery. See State v. Vinson, 298 So.2d 505 (Fla. 2d DCA 1974), appeal after remand (on other grounds), 320 So.2d 50 (Fla. 2d DCA 1975), affirmed, 345 So.2d 711 (Fla. 1977). There was no reason for the officers to continue the charade. We therefore affirm the judgment and sentence.
GLICKSTEIN, GUNTHER, and STONE, JJ., concur.