376 So.2d 1166 (1979)
Jeffrey M. VERNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 54252.
Supreme Court of Florida.
November 8, 1979.
Robert E. Jagger, Public Defender, and Steven H. Mezer, Asst. Public Defender, Clearwater, Jack O. Johnson, Public Defender, and Howard L. Dimmig, II, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALDERMAN, Judge.
We have for review by direct appeal the judgment of the County Court for Pinellas *1167 County adjudicating Jeffrey Vernold guilty of the offense of disorderly intoxication. We have jurisdiction because, an order denying the defendant's motions to dismiss, the county court upheld the constitutionality of section 856.011, Florida Statutes (1977).
The pertinent part of section 856.011 provides:
(1) No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.
.....
The only question properly before us is the facial constitutionality of section 856.011. We find that it is constitutional and affirm the judgment of the county court. State v. Holden, 299 So.2d 8 (Fla. 1974). See also White v. State, 330 So.2d 3 (Fla. 1976); State v. Saunders, 339 So.2d 641 (Fla. 1976); S.H.B. v. State, 355 So.2d 1176 (Fla. 1978).
We need not consider the defendant's argument that the statute is unconstitutional as applied to him. Defendant's plea of nolo contendere, for the purposes of this prosecution, admitted the facts alleged in the information. Vinson v. State, 345 So.2d 711 (Fla. 1977). He may not now challenge these facts as he is attempting to do in this appeal. Martinez v. State, 368 So.2d 338 (Fla. 1978).
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
ADKINS, J., concurs in result only.