ON REHEARING
WATSON, Justice.*
Defendant, Lionel Perkins, Jr., was convicted by a jury of two counts of forgery, *783 and was sentenced to ten years imprisonment. Both conviction and sentence were affirmed per curiam on November 29, 1979. A rehearing was granted to consider whether Perkins was properly convicted of two counts of forgery and whether the sentence imposed is excessive.[1]
On September 20, 1974, Perkins went to the First National Bank of Commerce in Downtown New Orleans with a GAC Finance Company check for $1,800. The check was payable to Dudley P. Guillot, and appeared to be signed by J. R. Baker, GAC’s branch manager. Perkins had a temporary driver’s license and a New Orleans City employee identification card with the name of Dudley Guillot. Because of the amount involved a customer service representative, Mrs. Dorothy Garrity, had to authorize payment of the check. After she had done so, she telephoned GAC Finance and discovered that the check number identified it as one of about fifteen blanks which had been stolen. Mrs. Garrity described Perkins to their security officer, who was at the bank’s Carrollton branch. Shortly thereafter, Perkins appeared at the Carrollton branch and was arrested. The evidence seized from his vehicle included: twenty-two to twenty-four checks, all signed and ready for negotiation, each with a temporary driver’s license and an identification card attached; $1,100 in cash, some still in First National Bank of Commerce wrappers; and an airplane ticket to Los Angeles, purchased that day for $648. At Perkins’ home, officers seized an auxiliary telephone and a utility belt containing telephone tools.
Both the theft of the GAC checks and the loss of some temporary drivers’ licenses from the Drivers’ License Bureau were connected with an individual posing as a telephone repair man. The witnesses could not identify Perkins as the imposter in either instance.
Defendant was charged in one bill of information with two counts of forgery in violation of LSA-R.S. 14:72.[2] The first count charged defendant with forging the check with intent to defraud and the second count charged him with fraudulently issuing and transferring the same check. The jury found defendant guilty on both counts, but only one sentence was imposed by the judge.
The State failed to produce any evidence that Perkins personally signed or altered the check cashed at First National Bank of Commerce. Mrs. Garrity was sure that the check was presented to her, but could not testify that it was signed in her presence. Even though the evidence implies strongly that defendant knew the check was forged, it does not necessarily follow that he himself did the deed. No other evidence bears on the question of who forged the check. Therefore, there is no evidence to support a conviction on Count One. State v. Mathews, 376 So.2d 1166 (La.1979). Since the conviction on that count is without a legal basis, the question becomes whether guilt on Count Two is sufficient to support the sentence of ten years imprisonment.
At the time of this offense, trial and sentencing, LSA-C.Cr.P. art. 493 allowed a single offense to be charged in different ways in several counts.[3] The Official Revision Comment to the article made it clear that a defendant, although convicted on more than one count, could be sentenced for *784 only one offense. While the trial judge imposed a single sentence of ten years imprisonment, the record does not show whether the sentence was intended to apply to one or both of the verdicts rendered by the jury.[4] The case was tried well before the effective date of LSA-C.Cr.P. art 894.1, which provides statutory guides for sentencing and requires articulation of reasons, and the trial judge assigned no reasons for the sentence. Defendant contends that, because he is a first offender, the sentence is excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. It is suggested that LSA-C.Cr.P. art 894.1 be applied retroactively and the matter remanded for a full statement by the trial judge of the reasons for the sentence.
Defendant did not object to the exces-siveness of his sentence in the trial court and has not assigned it as error to this court. State v. Cox, 369 So.2d 118 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979). The issue has been raised only in supplemental brief, which contends that there is no factual basis for the sentence imposed. Since, on the contrary, the record explains the length of the sentence, it is unnecessary to decide whether a remand would otherwise be appropriate.
Although none of the witnesses could identify defendant as the mysterious telephone repair man, the other checks, drivers’ licenses and telephone equipment suggest Perkins’ plan of operation. They appear to be part of a scheme for wholesale forgery; components in one system of criminal conduct. LSA-R.S. 15:446. The entirety of the circumstances surrounding the crime indicates why a maximum sentence was imposed. Compare State v. Cox, supra. This “apparently severe sentence” is not disproportionate when viewed in context. The sentence is not so excessive as to constitute an abuse of discretion.
DECREE
For the foregoing reasons, the verdict of guilty on the first count of forgery is set aside. The conviction on Count Two and the sentence of ten years imprisonment are affirmed.
AFFIRMED IN PART, REVERSED IN PART.

 Honorable Frederick Stephen Ellis participated in this decision as Associate Justice Ad Hoc.

. Defendant’s other assignments have been carefully considered and determined to be without merit. Accordingly, we deal here only with the two issues mentioned.

. LSA-R.S. 14:72:
“Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
“Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
“Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.”

.LSA-C.Cr.P. art. 493 provided:
“No indictment shall charge more than one offense except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts.”

. In sentencing, the trial judge stated: “[t]he jury found you guilty as chargefd] . . . [t]he sentence of the court is that you are ordered to serve 10 years in the custody of . the Department of Corrections . . ”. Tr. 1 (July 1, 1975).