419 So.2d 835 (1982)
STATE of Louisiana
v.
Ronald BURNETTE.
No. 82-KA-0281.
Supreme Court of Louisiana.
September 7, 1982.
Rehearing Denied October 15, 1982.
*836 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Carey T. Schimpf, Asst. Dist. Atty., for plaintiff-appellee.
Timothy R. Fischer, Jeanette G. Garrett, Asst. Indigent Defender, Shreveport, for defendant-appellant.
WILLIAM H. BYRNES, III, Justice Pro Tempore.[*]
On July 28, 1980 defendant, Ronald Burnette, cashed two checks at two separate businesses in the Shreveport area. These checks were among a large group of checks stolen from a local service station. The defendant had forged the drawer's signature and named himself as payee. He was arrested in Jonesboro, Arkansas on or about April 2, 1981 on nine counts of forgery. He was charged by bill of information with four counts of forgery, a violation of La. R.S. 14:72. On August 14, 1982, pursuant to a plea bargain with the state, defendant pled guilty to two of these counts and was sentenced to ten years at hard labor on each count, to run concurrently. On appeal defendant urges two assignments of error.

ASSIGNMENT OF ERROR I
The first assignment of error alleges that the trial court erred in not complying with the terms of the plea bargain agreement. Defendant contends that his plea was entered on the condition that if he were determined to be a drug addict under La.C.Cr.P. Art. 902 he would be sentenced to Odyssey House for treatment instead of being given a jail term. The record in this case makes it abundantly clear that the trial judge did not at any time promise the defendant a particular sentence. Indeed the trial judge went to great lengths to make sure the defendant realized that no guarantees as to sentencing were being given. At the hearing on the acceptance of defendant's guilty plea the judge specifically stated:
"Do you also understand that by entering a plea of guilty that the maximum sentence on each of these charges would be a total of ten years at hard labor? However, I have agreed with both the district attorney and the defense attorney to their proposal to me. If it turns out that you are, in fact, after the pre-sentence investigation report that you have a drug problem, in contemplation of that, which is set out in Article 902; in other words, you are a drug addict, that the court would probably sentence you, but consider sending you, instead of to prison, to Odyssey House."
The court went on to state:
"Do you understand that no one can make any promises from me as to what your sentence will be, but subject to what I have just told you on the record, that would be the intent of all parties? ... I will have to get that pre-sentence investigation. We will have to have a hearing so I can better understand the facts and your background, which are very important in this case, and then make my decision upon the basis of those facts."
This is not a case where the defendant was induced to plead guilty by a promise of a particular punishment. The trial judge obviously went out of his way to make absolutely sure the defendant was not misled. The defendant, under these circumstances, could not reasonably believe that he had been promised anything more than a chance at Odyssey House treatment which would depend entirely on the results of the pre-sentence investigation. The defendant was given ample opportunity to rebut any adverse information contained in the report and to present his arguments in favor of commitment to Odyssey House. Accordingly this assignment of error lacks merit.

ASSIGNMENT OF ERROR II
The defendant also contends that his sentence is excessive and that the trial judge did not consider mitigating factors *837 such as the defendant's age, work record, family, or his potential for rehabilitation in imposing sentence. This contention is without merit. The trial judge in this case did an exemplary job of following the guidelines set forth in Code of Criminal Procedure Article 894.1 and particularizing the sentence to the defendant. Before imposing sentence, the court commented extensively on numerous aggravating and mitigating circumstances. He outlined the defendant's extensive criminal background which included charges of vagrancy, possession of marijuana, simple burglary, accessory after the fact to murder, obtaining narcotics by fraud, and six counts of forgery unrelated to the instant offense. The court further noted that the defendant had been pursued by the authorities for nine months before his arrest. Additionally the trial court emphasized that the defendant's record did not support placing him in a facility which he could leave at any time and again endanger the community by his criminal activities. The burglary of a neighbor's home to steal checks was an indication to the trial court that the defendant's conduct threatened serious harm to others. Furthermore the court noted that no restitution had been offered by the defendant. Defendant had enrolled in drug treatment programs in the past without success. The court felt that the defendant would be likely to commit other crimes if not confined for treatment. The court did not feel that the defendant's self-induced drug habit provided the type of strong provocation which could justify his conduct. In short, the trial court went painstakingly down the list of every circumstance which might have had a bearing on the appropriate punishment of this defendant, including his professed willingness and desire to rehabilitate himself. The proceeding was eminently fair and exceedingly thorough.
The choice of sentences within the statutorily prescribed range lies within the sound discretion of the trial judge. State v. Williams, 412 So.2d 1327 (La.1982); State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (1982). This discretion is subject only to the constitutional limitations on excessive sentences and should not be disturbed absent manifest abuse.
In this case the trial judge carefully articulated the factual basis for his sentence taking into account circumstances, both mitigating and aggravating, which had a bearing on his decision. We find no manifest abuse of discretion in the sentence imposed. This court has upheld similar sentences in similar circumstances. State v. Perkins, 384 So.2d 782 (La.1980); State v. Gilmore, 323 So.2d 459 (La.1975). The conviction and sentence are therefore affirmed.
AFFIRMED.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes, III and David R. M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.