GROVER L. COVINGTON, Chief Judge.
Defendant, Lillie Marie Robins, was charged by bill of information in March, 1982, with theft of property having a value of over $500.00, in violation of La.R.S. 14:67, in connection with an incident that occurred in January of 1982. Defendant was tried by a jury on July 19-20, 1984, and found guilty as charged. Following this conviction, she was adjudged to be an habitual offender and, pursuant to La.R.S. 15:529.1, was sentenced on October 1, 1984, to ten years at hard labor with the Department of Corrections.
On this appeal, defendant alleges four assignments of error:
1. The trial court erred when it denied defendant’s motion to quash.
2. The trial court erred when it allowed a copy of defendant’s rights form to be introduced into evidence.
3. The trial court erred when it imposed an excessive sentence.
4. The trial court failed to comply with the requirements of La.C.Cr.P. art. 894.1.
On the afternoon of January 30, 1982, a Goudchaux’s store detective observed defendant who was crouched low by a rack of clothes in the store, putting merchandise into a Goudchaux’s shopping bag. When defendant exited the store, the detective approached the defendant, and identified herself. Defendant threw the bag at the detective and began to run toward her vehicle. The detective caught the defendant, and a struggle ensued. At this point, Sergeant Causey of the Baton Rouge City Police Department arrived for extra-duty work at the store. He was in plain clothes. He rushed to assist the detective, placed defendant in handcuffs, and told her she was under arrest. Defendant was taken to the security office where a Baton Rouge City Police Department officer, Ted Day (also in plain clothes), informed defendant she was under arrest for shoplifting and read defendant her rights. She signed the rights form. Defendant told the store detective she had taken the shopping bag from under one of the sales counters. The bag contained several articles of designer clothes, having a value of over $500.00. None of the items had been paid for.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the defendant argues that the State failed to commence trial of the defendant within two years of the institution of prosecution, and, thus, the trial court erred in failing to grant the defendant’s motion to quash the bill of information. We find that the record in the case at bar clearly shows that the defendant’s actions served to interrupt the period of limitation, resulting in the defendant’s trial falling within the legally permissible time period.
The defendant was charged with felony theft in a bill of information filed by the State on March 15,1982. Article 578 of the Louisiana Code of Criminal Procedure states that trial shall commence within two years from the date of institution of prosecution in such cases. However, Article 579 provides that this period of limitation shall be interrupted if, inter alia, the defendant, at any time, with the purpose to avoid detection, apprehension, or prosecution is absent from his or her usual place of abode within the state. The record shows that the State has carried its burden of proof in establishing an interruption of the prescriptive period.
At the motion to quash hearing, held July 19, 1984, the minute clerk testified that the minute entry from June 29, 1982 indicated the defendant was given notice in open court of her October 4,1982 trial date. The minutes reflect that on October 4, 1982, the defendant failed to appear, and a *615 bench warrant was issued. This warrant was recalled on August 31, 1983 when the defendant appeared in court. She was found guilty of contempt of court on that date.
Thereafter, the defendant made several scheduled court appearances in early February, 1984. However, on February 22, 1984, the defendant was again given notice in open court of a February 27, 1984 trial date. The defendant failed to appear on that date, and again a bench warrant was issued. While no evidence was presented that the State attempted to locate the defendant after the first bench warrant was issued (October 4, 1982), the State diligently attempted to locate the defendant upon issuance of the February 27, 1984 warrant. Larry Sullivan, an investigator with the District Attorney’s Office, testified that he and another investigator obtained copies of the warrant and attempted to locate the defendant on February 27, 1984 and for several days afterwards. He testified that he obtained three addresses from court records on the defendant and attempted to contact her at each of those addresses. The addresses included her father’s residence, her residence at the time she was bonded out on the charge, and her mother’s residence, which had burned down sometime in February, 1984. These attempts to locate the defendant were unsuccessful.
These circumstances distinguish the case at bar from other cases in our jurisprudence which have ruled that the State failed to carry its burden in showing the time limit was interrupted. In the case at bar, the defendant twice received notices of trial dates in open court, and failed to appear. The second of the notices was given only five days prior to the trial date. After the second failure, the State diligently attempted to locate the defendant.
The defendant complains that the State failed to use certain police procedures, such as cross-indexing phone numbers, when it is clear from the record that such a procedure would have been of no use in locating the defendant, who did not even have her own residence. We hold that the State did make a diligent, good faith attempt to locate the defendant after her February 27, 1984 failure to appear. The second failure to appear, coupled with her absence from all possible places of abode known to the State, clearly shows an intent on the defendant’s part to avoid prosecution. And, the facts that she was to appear in court several times in February of 1984, was given notice only five days before the missed trial date, and was released from jail only a day or two before the trial date, negate any arguments of defendant.
Accordingly, we hold that the defendant’s failure to appear for her February 27, 1984 trial date served to interrupt the time limitation established by Article 578. Because of this interruption occurring on February 27, 1984, the State was given until at least February 27, 1986 to bring the defendant to trial. La.C.Cr.P. art. 579. Clearly then, the trial, which was held July 19-20, 1984, was timely commenced.
Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant argues that her inculpatory statement was not free and voluntary because the police officer (Officer Day), who read her the rights form, did not identify himself as a police officer before doing so.
Defendant argues that La.C.Cr.P. art. 218 requires a peace officer, when making an arrest, to inform the person being arrested of his authority to make the arrest. Defendant contends the officer who read her the rights form did not identify himself as a police officer before doing so; consequently, she did not knowingly and intelligently waive any of her constitutional rights. Defendant contends she believed she was talking to private citizens at the time.
The record does not show that Officer Day did not identify himself. During the predicate for the admission of the statement, Officer Day testified that he did not recall whether he identified himself as an *616 officer. However, the store detective testified that Day did in fact identify himself as a police officer. Additionally, whether Officer Day identified himself or not is only one factor determining the voluntariness of the statement. The critical factor is whether defendant was able to understand the rights explained to her, and voluntarily gave a statement. State v. Lindsey, 404 So.2d 466 (La.1981). The officers testified that defendant understood her rights and that she was not threatened, coerced, or in any way forced to make the statement. This assignment is without merit.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR:
In these assignments of error, defendant argues the trial court imposed an excessive sentence and failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
At the time of this occurrence, the sentencing range afforded the trial judge was up to twenty years. La.R.S. 14:67, 15:529.-1. The judge only imposed a sentence of ten years.
Article I, Section 20 of the Louisiana Constitution provides that no law shall subject any person to cruel or excessive, or unusual punishment. Even though a sentence is within statutory limits, it may still violate a defendant’s constitutional rights; appropriate standards by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or its specification of confinement, rather than some less onerous sentencing alternative, are provided by the statutory criteria of La.C.Cr.P. art. 894.1. State v. Sepulvado, 367 So.2d 762 (La.1979).
The trial judge is given wide discretion in the imposition of sentences within statutory limits. State v. Washington, 414 So.2d 313 (La.1982). This discretion is subject only to constitutional limitations on excessive sentence, and should not be disturbed in the absence of manifest abuse. State v. Burnette, 419 So.2d 835 (La.1982).
The sentence must be individualized to be compatible with the offender as well as with the offense. In deciding whether to confine a defendant or to place her on probation, the trial judge is required to consider the statutory criteria. His considerations and decisions are to be based upon factual determinations, such as a review of the defendant’s personal history, her prior criminal record, the seriousness of the crime, the likelihood of her committing another crime, and her potential for rehabilitation through correctional services other than confinement. State v. Jackson, 360 So.2d 842 (La.1978). The trial judge need not recite the entire checklist in La.C. Cr.P.894.1, but the record must reflect that the judge adequately considered the statutory guidelines. State v. Davis, 448 So.2d 645 (La.1984).
The record reflects that the trial court thoroughly examined the circumstances peculiar to defendant when deciding sentence. The trial court noted that defendant had an extensive criminal record including conviction for misdemeanor theft (four counts), failure to leave premises, forgery, simple battery, trespassing and felony theft. Furthermore, the trial court noted that defendant was placed on supervised probation for five years in 1981 and had been arrested eleven times since then. The trial judge, in pronouncing sentence in accordance with Article 894.1, stated that confinement was appropriate, because there was an undue risk that during any period of probation the defendant would commit another crime. This was based on the fact that the defendant was a second felony offender and had an extensive criminal record, as set out above. The judge also stated that the defendant was in need of correctional treatment of a custodial environment most effectively provided by commitment to an institution. Given defendant’s record, the trial court felt that any sentence less than ten years at hard labor would deprecate the seriousness of the offense.
A review of the sentencing transcript clearly indicates that the sentence does make a measurable contribution to *617 acceptable goals of punishment, and is not shocking to one’s sense of justice.
The trial court more than adequately satisfied the statutory criteria. There was no abuse of discretion.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.