SHARP, Judge,
concurring specially.
The victim in this case was killed when Chestnut claimed he inadvertently pulled the trigger of the firearm he was holding to the victim’s head. The jury properly found Chestnut guilty of manslaughter. In my view, the verbal threats and aggravated assault that preceded the killing became merged into the homicide.[1]
I take little comfort from the majority opinion’s rationale that Chestnut’s holding the gun to the victim’s head and his implied threat to kill was not done “maliciously.” Anyone who holds a loaded gun to another’s head under the circumstances in this case most assuredly does so with malice. See Dellinger v. State, 495 So.2d 197 (Fla. 5th DCA 1986), certiorari denied, 503 So. 2d 326 (Fla.1987). Clearly the controlling fact in this case cannot be whether or not the victim actually stole Chestnut’s guns. Use of deadly force is not permissible to recover stolen property.[2]
Had the homicide not ensued, I think Chestnut could have been found guilty of extortion because the record showed he maliciously threatened the victim with death, and he intended to compel the victim to return property the victim either did not have, or did not want to return. That conduct falls within the language of the extortion statute.
Whoever ... verbally ... maliciously threatens an injury to the person ... with intent to compel the person so threatened ... to do any act ... against his will, shall be guilty of a felony of the second degree....
§ 836.05, Fla.Stat. (1985).

. Carawan v. State, 515 So.2d 161 (Fla.1987).

. Florida law permits the use of deadly force in self-defense, in defense of others, to prevent the commission of a felony in a dwelling and in defense of property other than a dwelling to prevent imminent commission of a "forcible felony." §§ 776.012, 776.031, 782.02, Fla.Stat. (1985); Falco v. State, 407 So.2d 203 (Fla.1981).