840 So.2d 332 (2003)
Montville LABADIE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2756.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
Rehearing Denied March 27, 2003.
*333 Montville Labadie, Sneads, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Montville Labadie appeals his conviction and sentence for trafficking in cannabis in excess of 25 pounds after a plea of guilty. He argues on appeal that his conviction violates the requirements of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and should be set aside because a jury should have been given the opportunity to determine beyond a reasonable doubt that the cannabis weighed more than 25 pounds. We disagree and affirm.
According to the arrest affidavit, on 15 December 2000, Labadie was arrested after he participated in a drug transaction. Labadie met with undercover state agents. Labadie was presented with a suitcase full of marijuana. After examining the contents of the suitcase and talking about the quality and quantity of the drugs, he purchased 70 pounds of cannabis. Labadie was arrested and charged by information with one count of conspiracy to traffic in cannabis in excess of 25 pounds[1] and two counts of trafficking in cannabis in excess of 25 pounds.[2] Labadie was appointed counsel, and after negotiating with the state, pleaded guilty to one count of trafficking in cannabis in excess of 25 pounds, with the state agreeing not to prosecute the other two counts. The negotiated sentence was for three years in the Department of Corrections, followed by 15 years probation. On 1 August 2001, Labadie was adjudicated guilty and sentenced. The sentence was a downward departure from the sentencing guidelines and was entered pursuant to the negotiated plea. The state entered a nolle prosequi as to the other two counts. On 17 August 2001, Labadie filed this pro se appeal.
The attorney representing Labadie filed in the trial court an eight page plea agreement divided into two parts. In the first part, Labadie admitted that he was counseled by his attorney and discussed the charges and a possible defense. He also stated that by pleading guilty, he waived his right to a jury trial and admitted to all elements of the charges against him. He also stated that the court could impose any sentence that could have been imposed had *334 he gone to trial and been convicted. Further, Labadie stated that the plea was entered freely and voluntarily and that "no one ha[d] subjected [him] to any force, duress, threats, intimidation or pressure to compel or induce [him] to enter a plea of guilty." Finally, Labadie stated that he understood that he could serve every day of the sentence imposed. Moreover, Labadie's attorney signed the plea agreement stating that the attorney had thoroughly investigated the case, that the attorney had advised Labadie of the charges against him, that the attorney advised Labadie of the rights and privileges Labadie waived by pleading guilty, and that Labadie was not under the influence of any controlled substances.
The second portion of the plea agreement states that Labadie admitted to the charges, that he was aware that he would be sentenced to three years in the Department of Corrections, consecutive to any sentence being served, followed by 15 years of supervised probation, and that he would pay a $25,000 fine and $3,500 for costs of prosecution. Also, Labadie stated he would pay $1,753.50 to the Metropolitan Bureau of Investigation for the cost of investigations associated with this case. Finally, Labadie stated in paragraph six of the plea agreement, "If the sentence agreed upon in this plea agreement is a departure from the sentencing guidelines, both the State of Florida and the defendant agree not to appeal this sentence."
Notwithstanding the extensive plea agreement which was signed by Labadie, his attorney, and the lawyer representing the State of Florida, Labadie appeals. Labadie's argument is that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), dictates that a jury must find that the amount of cannabis he possessed was in excess of 25 pounds. To say this is a specious argument is being kind. First, the issue on appeal was not preserved. Nowhere in the record is there a scintilla of evidence that Labadie, or his attorney, raised this argument to the trial court. In fact, the record is clear that Labadie specifically waived his right to a jury trial and the associated rights and privileges. A sentencing error may not be raised on appeal unless preserved. Capre v. State, 773 So.2d 92 (Fla. 5th DCA 2000); Durr v. State, 773 So.2d 644, 646 (Fla. 5th DCA 2000). Further on this issue, Labadie did not provide a transcript of his plea and sentencing hearing. It is his obligation to provide the appellate court with a record sufficient to support his allegations. On this basis alone, his appeal must fail. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); see also Johnson v. State, 722 So.2d 271 (Fla. 5th DCA 1998).
The second reason we affirm is that Labadie received the specific sentence that he negotiated. The trial court imposed a sentence that Labadie, in writing, agreed to serve. Therefore, Labadie's appellate challenge to his sentence is barred under the doctrine of estoppel. See Pollock v. Bryson, 450 So.2d 1183, 1186-1187 (Fla. 2d DCA 1984).
Finally, Apprendi is not applicable to this case. Apprendi addresses the issue of an appellant whose penalty was increased beyond the statutory maximum based on a finding made by the trial court. In this case, Labadie agreed that the weight of the cannabis, an essential element of the crime, was more than 25 pounds. By pleading guilty as charged, Labadie admitted all of the facts alleged in the information, which included the weight of the cannabis. See Vernold v. State, 376 So.2d 1166 (Fla.1979); Stovall v. State, 252 So.2d 376, 378 (Fla. 4th DCA 1971).
*335 Labadie has cited many federal cases in his appeal. After reviewing them, we find none applicable to this case.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] §§ 893.135(1)(a)1 and (5), Fla. Stat. (2000).
[2] § 893.135(1)(a)1, Fla. Stat. (2000).