837 So.2d 1177 (2003)
Victor RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1479.
District Court of Appeal of Florida, Third District.
February 26, 2003.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.

On Rehearing Denied
COPE, J.
After careful consideration of the motion for rehearing, we adhere to our original opinion in the case.
The Florida Supreme Court has already decided how to interpret section 776.08, Florida Statutes. The court has said that *1178 "a `forcible felony' includes burglary in Florida (Section 776.08, Florida Statutes)...." Falco v. State, 407 So.2d 203, 209 (Fla.1981).
The defendant argues that if the forcible felony statute is interpreted this way, then that would allow someone to use deadly force to prevent such crimes as burglary of an unoccupied structure or burglary of an unoccupied conveyance. The defendant reasons that such an eventuality is possible because the statute on justifiable use of force allows deadly force to be employed, in some circumstances, to prevent the commission of a forcible felony. See § 776.08, Fla. Stat.
The Falco decision demonstrates the incorrectness of the defendant's argument. Falco was a homeowner who had been burglarized several times. He set a spring gun aimed at the point the burglar had been using for entry. While Falco was gone, the burglar came in and was fatally shot. Falco argued, among other things, that under the statute on justifiable use of force, § 776.012, Fla. Stat., he was allowed to use deadly force to prevent the commission of the forcible felony of burglary.
The Florida Supreme Court rejected the defendant's argumentbut not by modifying the definition of forcible felony to exclude burglary of an unoccupied structure. The correct analysis is found instead in the statute on justifiable use of force. As quoted in Falco:

Section 776.012..., entitled "Use of force in defense of person", and regarding use of deadly force provides in pertinent part:
However, he is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony.
407 So.2d at 205 (emphasis added).
The logic of Falco is that in order to use deadly force, there must be a reasonable belief that the use of deadly force is necessary to prevent the forcible felony of burglary. As the Falco decision demonstrates, the use of such force cannot be reasonably necessary where the structure is unoccupied.
Thus, the Falco decision establishes that burglary is a forcible felony as enumerated in section 776.08, Florida Statutes. Whether deadly force is permissible to defend against a forcible felony depends on the wording of the use of force statute (§ 776.012), not the forcible felony definition (§ 776.08).
Finally, we note in passing that the decision in Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991), also mandates rejection of the defendant's argument. The final clause of section 776.08 states that a forcible felony includes "any other felony which involves the use or threat of physical force or violence against any individual." The defendant argues that this phrase modifies the entire list of forcible felonies so that a listed felony is not "forcible" unless it involved the use or threat of physical force or violence against any individual. The Perkins decision takes a different view. Under Perkins, the final clause of section 776.08 is interpreted by looking at the statutory elements of non-enumerated crimes. 576 So.2d at 1313.
It would be illogical to apply Perkins to the listed forcible felonies. This would mean that the statutory elements of each listed forcible felony would be reviewed to see if each listed felony contained statutory elements involving the use or threat of physical force or violence. But if that *1179 were the test, then there would be no need for a list of forcible felonies.
The motion for rehearing is denied.