MONACO, J.
G.L., a juvenile, petitions this court for the grant of a writ of habeas corpus. Because the record is woefully inadequate, we have little choice but to deny the petition without prejudice.
Briefly, the trial court accepted G.L.’s guilty plea to a possession of marijuana charge. At the first dispositional hearing, the judge placed him in Restrictiveness Level Six, even though the Department of Juvenile Justice (“DJJ”), recommended probation. G.L. was originally held in a juvenile detention center by virtue of an order to “remain detained pending placement,” but upon later vacation of the order by the trial court, the juvenile was released to the custody of one of his parents.
*343 After being reset a number of times, a second disposition hearing was held, the result being once again the trial court ordering G.L. to be placed in Restrictiveness Level Six, over the continuing recommendation of DJJ for probation. Unfortunately we have not been provided with a copy of the transcript of this hearing, so we do not know why the judge ruled as he did. Apparently, however, G.L. was detained.
About a week later the juvenile sought habeas relief in this court, alleging that a new DJJ Detention Risk Assessment had not been performed, and that G.L. did not meet the criteria for Maximum Risk Eligibility. A placement review was then scheduled for December 10, 2005.
Based on these allegations, we required an expedited response from the State. The State, however, did not tell us what happened at the December 1st placement review, and said only that it had not yet received the transcript of the detention hearing.
Unfortunately, at this time we find ourselves in the following position:
1. We do not know what occurred at the second dispositional hearing, as we have no transcript of the proceeding;
2. We do not know if G.L. is still being held;
3. We do not know if G.L. meets the criteria for Maximum Risk Eligibility;
4. We do not know if a new Detention Risk Assessment was performed;
5. We do not know the result of the December 1st placement review; and;
6. We do not know if the trial court made a written finding justifying why a Level Six placement was ordered despite the recommendation of DJJ.
We are, thus, put in a position where we can not properly act on the petition. As the burden of bringing forth an adequate record is placed upon the petitioner, who in this instance is represented by counsel, and we cannot simply presume that error exists, we deny the petition without prejudice to its being refiled with an adequate record.[1] See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Labadie v. State, 840 So.2d 332, 334 (Fla. 5th DCA 2003); cf., Smith v. State, 866 So.2d 51 (Fla.2004). We look forward to a substantially better presentation of this case in the future.
DENIED.
ORFINGER and TORPY, JJ., concur.

. In the case of a person seeking habeas corpus relief who is both detained and unrepresented, we might well view the requirement to provide a transcript differently.